## W. J. Stone v. Mattie E. Stone.

Decided January 5, 1898.

#### 1. Divorce—Receiver—Appointment Pending Appeal.

The district court has power under Revised Statutes, article 1465, to appoint a re-
ceiver for property in a divorce suit involving its partition, where upon appeal the
decree of divorce has been affirmed, the judgment as to the disposition of the prop-
erty being reversed and remanded, and an application for writ of error is pending
before the Supreme Court.

#### 2. Same—Writ of Error—Jurisdiction.

Whether the district court may appoint such receiver pending an appeal is not
decided, but if it can not, it must clearly appear that the case is pending in an ap-
pellate court having jurisdiction thereof, in order to deprive it of such power.

#### 3. Same.

The jurisdiction of the Court of Civil Appeals being final in divorce cases,
though affirmed, and in cases generally when reversed and remanded, the exceptional
facts giving the Supreme Court jurisdiction by writ of error must be made to appear
before the pendency of an application for such writ will deprive the district court
of the power to appoint a receiver.

Appeal from Bell.   Tried below before Hon. John M. Furman

*Henry & Stribling* and *A. M. Monteith,* for appellant.

*Harris & Saunders,* for appellee.

KEY, Associate Justice.—This is an appeal from an interlocutory
order, appointing a receiver to take charge of certain property involved
in a suit brought by appellee for a divorce and for partition of said prop-
erty.   The appeal is authorized by statute, and the judgment of this
court is final.   Rev. Stats., arts. 1383 and 996.

After due consideration, our conclusion is that the pleadings and evi-
dence bring the case within the first subdivision of article 1465 of the
Revised Statutes of this State, which authorizes the appointment of a
receiver at the request of a party jointly owning or interested in the
property or fund, and where it is shown that such property or fund is
in danger of being lost, removed, or materially injured.

The main case had been once tried and judgment rendered, granting
appellee a divorce, and fixing the rights of the parties as to the prop-
erty.   From that judgment appellant appealed to this court, where the
judgment was affirmed in so far as it granted the divorce, but was re-
versed and remanded for another trial as to property rights.

Appellant applied to the Supreme Court for a writ of error, and his
application was pending in that court when the receiver was appointed.
Hence he contends that the trial court had no jurisdiction to appoint a
receiver.

We do not think this position is tenable.   If it be conceded (which we
do not decide) that a trial court has no jurisdiction to appoint a receiver
pending an appeal, we think that to deprive it of such jurisdiction it

must clearly appear that the case is pending in an appellate court that has jurisdiction thereof.

As to the divorce branch of the case, the jurisdiction of this court is final; and so also is it final where the judgment of the trial court is reversed and the cause remanded for another trial, except in certain specified instances. Rev. Stats., art. 996. Therefore, the Supreme Court had no jurisdiction to revise the action of this court on the divorce branch of the case; and as the case was reversed and remanded as to property rights, and as it was not shown that it comes within one of the exceptions to the statute which makes the judgment of this court reversing and remanding a cause final, it was not made to appear that the Supreme Court had jurisdiction of the case.

Any party to a suit in any court may file an application in the Supreme Court for a writ of error; but, unless that court has jurisdiction to grant the writ, such filing of an application does not affect the jurisdiction of any other court over the case.

No reversible error is assigned, and the judgment is affirmed.

*Affirmed.*