SIMPSON et al. v. ALEXANDER.
(No. 5702.)

(Court of Civil Appeals of Texas. Austin. June 7, 1916.)

1. RECEIVERS ⊕40—APPOINTMENT—HEARING —PETITION.

The allegations of a petition to which no answer was filed must be taken as true on hearing a motion of plaintiff to appoint a receiver.

[Ed. Note.—For other cases, see Receivers, Cent. Dig. §§ 64–67, 71; Dec. Dig. ⊕40.]

2. RECEIVERS ⊕35(1) — APPOINTMENT — GROUNDS—NOTICE.

It is not enough to authorize the appointment of a receiver without notice to allege that the party applying therefor is entitled to the possession of the real or personal property involved, and that it is being wasted, but the petition must further show that the applicant will probably suffer irreparable loss if the receiver is not appointed without the delay necessary in giving notice to the opposite party.

[Ed. Note.—For other cases, see Receivers, Cent. Dig. §§ 54–57, 59, 60; Dec. Dig. ⊕ 35(1).]

Appeal from District Court, Burnet County; N. T. Stubbs, Judge.

Suit by C. H. Alexander against John N. Simpson and others. From an order appointing a receiver on motion of plaintiff, defendants appeal. Reversed and rendered.

See, also, 183 S. W. 852.

H. W. Allen, of St. Louis, Mo., White, Cartledge & Graves, of Austin, and Adams & Stennis, of Dallas, for appellants. Wm. H. Clark, John C. Bird, and D. D. Bird, all of Dallas, for appellee.

JENKINS, J. Appellee filed suit in the district court of Burnet county September 18, 1914, alleging in substance, that he was the owner of certain real estate, water rights, and machinery; that the same had been transferred by him to John N. Simpson and his associates, appellants herein, in trust, to finance the same and pay off an indebtedness thereon owing by appellee; that appellants had repudiated their trust and were claiming that appellee had no interest in said property, but that they were holding the same for other parties; that they were permitting the machinery to waste, and were not keeping a dam situated on said property in repair.

Appellants filed their answer to the next term of the court, January 6, 1915. At said January term the case was continued at request of appellee, and at the May term thereafter it was continued by agreement. On August 10, 1915, appellee presented his application to the judge in chambers for the appointment of a receiver. Said application was granted without notice to appellants, and the receiver was appointed, who qualified by executing a bond for $50,000, as required by said order. There was a modification of said order made by the judge on the 17th of August, which need not be here discussed. The appellants have perfected their appeal from said order appointing the receiver.

This appeal is prosecuted upon two propositions. The first is that the allegations in plaintiff's second amended original petition, upon which the receivership was granted, are insufficient to authorize the appointment of a receiver to take possession of and hold the property described in the order. The second proposition is that these allegations are insufficient to authorize the appointment of the receiver without notice to appellants, which was done in this case.

As to the first proposition, perhaps, it is doubtful if the allegations show any necessity for the appointment of the receiver. However, we think that they are sufficient to sustain the action of the court in making such appointment; that is to say, we do not feel authorized to hold that the district judge would have abused his discretion in making such appointment if appellants had been notified and given an opportunity to contest the same.

[1] We do not, however, believe that the allegations of the amended petition, which must be taken as true, no answer having been filed thereto, are sufficient to have authorized the district judge to appoint such receiver without notice to the appellants. As to the power of the court to appoint a receiver under the general practice in equity, which was done in this case, we quote from 34 Cyc. as follows:

"Generally the application for a receiver is addressed to the sound legal discretion of the court, to be exercised as an auxiliary to the ends of justice. But the power is not an arbitrary one, and before judicial action can be justified on the ground of discretion there must be a case calling for the exercise of such discretion." Page 19.

"The power to appoint a receiver is a delicate one, especially when invoked upon interlocutory ex parte applications, and should be exercised with extreme caution, and only under circumstances requiring summary relief, or where the court is satisfied that there is imminent danger of loss, lest the injury caused be far greater than the injury sought to be averted. It should never be exercised in a doubtful case, and when no advantage is to be gained from such appointment, or no injury will result from its refusal. In other words, when it does not appear to be necessary." Page 21.

---

⊕For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

See, also, Railway Co. v. Gay, 86 Tex. 571, 26 S. W. 599, 25 L. R. A. 52; Webb v. Allen, 15 Tex. Civ. App. 605, 40 S. W. 342; Harris v. Hicks, 13 Tex. Civ. App. 134, 34 S. W. 983.

In Cotton v. Rand, 92 S. W. 267, the court said:

"There is no provision in our statutes requiring notice of the application for the appointment of a receiver, but under the rules of equity in matters relating to the appointment of receivers, which govern, when not inconsistent with the statutes on the subject, it is firmly established that such notice should be given. There are, however, exceptional circumstances under which notice of the application will not be required and an ex parte proceeding allowed. Emergencies arise requiring immediate action," etc.

In Weems v. Lathrop, 42 Tex. 211, the court said:

"If, in fact, there was no notice or consent, it was irregular to make the appointment, unless the case was one of urgency, where irreparable injury might result from delay."

[2] We have read the voluminous second amended original petition upon which the receivership appointment was made, consisting of 156 typewritten pages, and we failed to find therein any allegation which shows such an emergency as would justify the appointment of a receiver without notice to appellants. It is not enough to authorize the appointment of a receiver without notice, to allege that the party applying therefor is entitled to the possession of the real estate or personal property involved, and that the same is being wasted, but it must further show that the applicant will probably suffer irreparable loss if the receiver is not appointed immediately; that is to say, it must appear that in order to avoid such loss it is necessary that the appointment be made without the delay which would be incurred in giving notice to the opposite party. The waste complained of in the instant case is that valuable machinery is being allowed by appellants to lie upon the banks of the Colorado river and go to waste, and that the dam needs repairing and protection from floods and driftwood. But it appears that this machinery has been lying upon the banks of the river for the past three years, and that the dam has needed such protection for a considerable length of time, and it is not shown that any additional injury will probably result from the few days' delay which would have been necessary to give notice to appellants of the application for receivership. Practically these same conditions existed, as appears from appellee's pleadings herein, when the case was continued by appellee in the first instance, and again continued by consent; and no reason is shown why appellee could not have applied for a receiver at the times of such continuances.

Again, as to irreparable injury, if the allegations of the amended petition are true, the appellants herein have violated their trust, and are liable to appellee in damages.

It is not alleged that they are insolvent, but, on the contrary, that "J. B. Wilson, John N. Simpson, Alexander Sanger, A. L. Clark, and E. L. Flippen, five of appellants, were and are among the wealthiest and ablest and most successful financiers, bankers, and business men in the state of Texas."

For the reason that the application for the receivership does not show any such emergency as justified the court in appointing a receiver in chambers without notice to appellants, the order of the court appointing such receiver is hereby set aside, without prejudice, however, to the appellee to file another application for the appointment of a receiver and to have the same passed upon by the court, after due notice to appellants, the alleged trustees.

Reversed and rendered.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes