QUINTANA et al. v. GIRAUD.  (No. 6180.)

(Court of Civil Appeals of Texas.  San Antonio.  March 5, 1919.)

1. HOMESTEAD �köö150(1) — RIGHT OF SURVIVING UNIT OF FAMILY—ADMINISTRATION.

Under Rev. St. 1911, arts. 3413, 3416, referring to duty of probate. court to set apart for the use of widow, minor children, and unmarried daughters remaining with the family of deceased all property of the estate exempt from execution, where there was no administration of the estate, there could be no setting apart of exemptions granting to an unmarried adult daughter possession of the homestead rent free until partition be effected by sale.

2. HOMESTEAD �köö150(1) — EXEMPTIONS — RIGHT OF UNMARRIED DAUGHTER — STATUTES.

Rev. St. 1911, art. 3549, relating to sales upon partition of decedent's land, has no reference to homestead or other exemptions which may be set apart for use of widow and unmarried adult daughters.

3. PARTITION ⊝⊸12(3) — HOMESTEAD—PARTITION AMONG HEIRS—POSSESSION BY UNMARRIED DAUGHTER.

If it be true that the homestead is protected in favor of an unmarried adult daughter against creditors, Const. art. 16, § 52, does not protect it in her favor from partition among the heirs, the only persons thus protected being the surviving husband or wife or minor children.

4. HOMESTEAD ⊝⊸18, 134—RIGHT OF DECEASED'S WIFE AND UNMARRIED DAUGHTER—ACQUIRING NEW HOMESTEAD.

While the wife and adult unmarried daughter of deceased could hold his homestead, the wife could not acquire a new homestead where no obligation rested upon her to support the adult daughter.

5. EXECUTORS AND ADMINISTRATORS ⊝⊸7 — INDEPENDENT EXECUTRIX—SOLVENT ESTATE —JURISDICTION.

Where an estate was solvent, and the will provided that no action should be taken in county court, and defendant was an independent executrix asserting adverse claims of other heirs, the district court alone had authority to determine the heirs' right in a suit for partition.

6. PARTITION ⊝⊸53 — APPOINTMENT OF RECEIVER.

In a partition suit, where parties were jointly interested in the property, and the facts showed that defendant was appropriating the proceeds thereof to her own benefit, rents were in imminent danger of being lost to the heirs, and taxes were accumulating, the appointment of a receiver was clearly authorized by Rev. St. 1911, art. 2128, subd. 1.

Appeal from District Court, Bexar County; J. T. Sluder, Judge.

Suit by Jesusa Quintana Giraud and husband against Emilia Quintana and others for partition. From decree for plaintiffs, the named defendant appeals. Affirmed.

D. A. McAskill and Arnold & Cozby, all of San Antonio, for appellant.

Mauermann & Hair and Ryan & Matlock, all of San Antonio, for appellees.

FLY, C. J. This suit was inaugurated by appellee, joined by her husband, Francis M. Giraud, against appellant and 29 others, in which a partition was sought of lot No. 5 in city block No. 102, West Nueva and Guilbeau streets, in the city of San Antonio, and lot No. 4 in city block 102, between said two streets in said city, appellee claiming that she was the owner of an undivided interest in said lands, and that the defendants were the owners of the remaining interest. Appellee also sought to recover her part of the rent of the property from appellant. Appellant answered that she was the independent executrix of the estate of her mother, who was also the mother of appellee, and had the right of control and management of the estate, and owned in her own right the greater part of the estate; that the property sought to be divided was the homestead of her parents, and that she being an unmarried daughter, and the surviving unit of her parents' family, had the right to the use and occupancy of the same without the payment of rent. The case was heard by the court, without a jury, and judgment was rendered partitioning lot 4, herein described, among the parties, 17½/112 being allotted to appellee, 43/112 to appellant, and the remainder to nine other parties, and allotted out of lot No. 5, herein described, to appellant eight-thirtieths, and appellee five-thirtieths, the remainder being allotted to nine other parties. The judgment recited that appellant had acquired by purchase the interests of certain of the heirs, which accounts for her receiving a greater proportion of the property than the others. F. M. Giraud had claimed the sum of $1,799.80 for taxes paid on the property, which claim was denied because barred by limitation. The court also allotted to appellant out of the estate of Geronimo Quintana one-seventh, and the same to appellee. The court found that the property was incapable of partition, and ordered it sold, rent being assessed against all parties occupying the premises from and after the date of the judgment, and the San Antonio Loan & Trust Company was appointed receiver of the property to collect rents and revenues and to offer the property for sale reporting all offers to the court. Appellant and Bessie McDonald Quintana filed separate appeal bonds, but the latter has not filed a brief herein. For some reason, not apparent to the court, there is copied into this record a

---

⊝⊸For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

petition for a writ of error, filed by attorneys for Jesusa Q. and F. M. Giraud, and a supersedeas bond by the same parties. There is also attached to the record what purports to be the original trial amendment to the answers of appellant, accompanied by a number of unexplained and unintelligible figures which seem to have no bearing on this cause.

The facts show that lot 4 was the community property of Rafael Quintana and his wife, Dominga Quintana, that Rafael Quintana died intestate, leaving surviving him his wife and eight children, appellant and appellee being of the number. Lot No. 5, the remaining portion of the property in controversy, was the separate estate of Dominga Quintana, who died January 15, 1908, leaving a will in which all of her property was devised to her daughters, appellant and appellee and Isabel Quintana Perez, and to her grandchildren, the heirs of her son Rafael Quintana, deceased, and to Jose and Geronimo Quintana. After the death of Rafael Quintana, the father of appellant and appellee, Dominga Quintana, his widow, moved from their old home into the "new home" which she built on a part of the old homestead premises. Appellant was never married, and lived with her mother until the death of the latter, and has since her death continued to live in the "new home." F. M. Giraud and appellant qualified as executors of the estate of Dominga Quintana, appellant taking exclusive possession of all the property, community and separate, except one house occupied by appellee and her husband.

[1, 2] It is the contention of appellant, through the first assignment of error, that appellant, being an unmarried daughter, living with her mother when the latter died, and continuing to occupy the home after such death "is the surviving unit of the family and has the right to the possession of the homestead, rent free, until the partition of said property is effected by sale." In support of the proposition, articles 3413, 3416, and 3549, Revised Statutes, and several decisions are cited. The first two cited articles refer to the duty of the probate court "to set apart for the use and benefit of the widow and minor children and unmarried daughters remaining with the family of the deceased all such property of the estate as may be exempt from execution or forced sale by the Constitution and laws of the state, with the exception of any exemption of one year's supply of provisions," and designate to whom the property shall be delivered. There was no administration of the estate of Rafael Quintana, and consequently there could have been no setting apart of exemptions, and the probate court had no authority after the death of Dominga Quintana because it did not have charge of the administration of her estate. The remaining cited article, 3549,

has no reference whatever to homestead or other exemptions. The decisions cited refer to cases where the exemptions have been set apart or to insolvent estates, neither of which can be applied to the estate in controversy.

[3] The judgment did not attempt to have appellant account for the rent of the premises only from its date, leaving the premises free to her for all the time prior to the date of the judgment. She collected rents and appropriated them, and because she desires still to appropriate the rents and use the property she strenuously resisted a partition, not even being willing to meet the taxes on the property. The court found that, if she was left in possession of the property, it would be lost to her and the other heirs. She denied the rights of the other heirs to the use and benefit of the property, and the other heirs would not have been permitted to enter into possession of the land with appellant, but that is what she is contending against when she opposes a partition. She should be satisfied with the rents she has already appropriated. The case of Autry v. Reasor, 102 Tex. 123, 108 S. W. 1162, 113 S. W. 748, cited by appellant, sustains exactly the opposite contended for by appellant, and holds that under the facts appearing in this case she should be held liable for the rents.

It is provided in the state Constitution (article 16, § 52) that—

"On the death of the husband or wife, or both, the homestead shall descend and vest in like manner as other real property of the deceased, and shall be governed by the same laws of descent and distribution, but it shall not be partitioned among the heirs of the deceased during the lifetime of the surviving husband or wife, or so long as the survivor may elect to use or occupy the same as a homestead, or so long as the guardian of the minor children of the deceased may be permitted, under the order of the proper court having the jurisdiction, to use and occupy the same."

No provision is made in that section of the Constitution for an unmarried adult daughter living with her widowed mother at the time of the latter's death to occupy the homestead and prevent a partition of it among the heirs of the deceased parents. By providing that the homestead shall not be partitioned among the heirs during the lifetime of the surviving wife or husband, it plainly indicates that the homestead may be partitioned unless the guardian of minor children has been permitted by the proper court to occupy it. If it be true that the homestead is protected, in favor of an unmarried adult daughter, against creditors, the Constitution does not protect it from partition among the heirs, but clearly contemplates that it may be partitioned, for the only persons whose interests are to be protected as against partition of

the homestead are the surviving husband or wife or minor children. As said by the Supreme Court in Hudgins v. Sansom, 72 Tex. 229, 10 S. W. 104:

"The purpose of the constitutional provision quoted evidently was to secure to the surviving wife or husband the right to use the homestead as he or she might elect to do so, and to protect minor children in a home so long as in the opinion of the court having jurisdiction over the property and minors it was necessary that they should use the homestead. It was the right of such persons to occupy the homestead which it was the purpose of the Constitution to protect, and it therefore forbids the partition * * * so long as given conditions continue."

In regard to minor children, in Osborn v. Osborn, 76 Tex. 494, it has been held:

"In our opinion this provision admits of but one construction in so far as it applies to this case. After the death of both parents the use and occupation of the homestead by the minor children, to protect it from partition at the suit of other tenants in common, must be through the agency of a guardian under authority and by permission of an order of the probate court having jurisdiction."

In other words, the Constitution will not be construed so as to include any one except those definitely and clearly named therein. Roots v. Robertson, 93 Tex. 365, 55 S. W. 308.

[4] When Dominga Quintana acquired the new home, no one lived with her except appellant, an adult unmarried daughter, who was not dependent upon her, and unless her mother was the head of a family when she acquired the new home, the homestead right did not attach. There was no obligation resting upon the mother to support the adult daughter, and the evidence fails to disclose any such dependency on the mother. The latter could have held the homestead she and her husband had, but there is a difference between the right to hold the old homestead and to acquire a new homestead. Blum v. Gaines, 57 Tex. 119; First Nat. Bank v. Sokolski, 62 Tex. Civ. App. 324, 131 S. W. 818; Ramey v. Allison, 64 Tex. 697.

The property was not devised by the will of Dominga Quintana to appellant. The will is clear on that point.

[5] The administration of the estate was not pending in the county court, and the district court alone had jurisdiction to partition the property. The estate was solvent, and provision was made in the will that no action should be taken in the county court in regard to the estate. Appellant was an independent executrix. She was asserting adverse claims to the other heirs, and the district court alone had the authority to determine their rights. Jerrard v. McKenzie, 61 Tex. 40.

[6] The appointment of a receiver under the facts of this case is clearly authorized by the first subdivision of article 2128, Revised Statutes. The parties are jointly interested in the property, and the facts showed that appellant was appropriating the proceeds thereof to her own benefit. The rents were in imminent danger of being lost to the heirs and taxes were accumulating. Stone v. Stone, 18 Tex. Civ. App. 80, 43 S. W. 567; Cotton v. Rand, 92 S. W. 266.

The remaining assignments of error are not meritorious, and are overruled.

The judgment is affirmed.