## BERKSHIRE PETROLEUM CORPORATION v. MOORE et al.   (No. 7231.)

(Court of Civil Appeals of Texas. San Antonio. Dec. 1, 1924. Rehearing Denied Jan. 14, 1925.)

1. Corporations ⬦⟶553(1)—Imminent lapse of leases and waste of personalty held ground for suit for sole purpose of appointing receiver.

Under Rev. St. art. 2128, subd. 4, providing for appointment of a receiver "in all cases where receivers have heretofore been appointed by the usages of court of equity," and article 2154, providing for appointment of receiver for corporation in suit by stockholders, minority stockholders of corporation organized to buy, sell, and develop oil leases could sue solely for appointment of receiver without notice and independently of suit for any other purpose, on ground that officers of corporation were residents of distant state; that valuable leases were about to lapse for nonaction; that personal property of corporation was being wasted; and that corporation had abandoned business for which incorporated.

2. Receivers ⬦⟶8—Appointment of receiver within discretion of court.

The appointment of a receiver is largely a matter of discretion of the trial judge, and the only requirement in the exercise of such discretion is that it is sound and judicial.

3. Appeal and error ⬦⟶920(5)—Appointment of receiver not disturbed, in absence of clear abuse of discretion.

Appointment of receiver will not be disturbed on appeal, unless there has been a clear abuse of discretion.

---

⬦⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**4. Corporations ⚍553(2)—Interlocutory order appointing receiver for corporation organized to buy, sell, and develop oil leases held not abuse of discretion.**

In action by minority stockholders holding one-sixth of the capital stock of corporation organized for purpose of buying, selling, and developing oil leases, for appointment of receiver on ground that officers, directors, and majority stockholders lived in distant state, and were permitting valuable leases owned by corporation to lapse because of nonaction, that personal property of corporation was being wasted and destroyed, and that corporation had abandoned the business for which it had been incorporated, and had neglected its functions, interlocutory order appointing receiver *held* not abuse of discretion.

**5. Corporations ⚍557(½) Stockholders suing for appointment of receiver need not comply with statute providing for dissolution.**

Stockholders suing for appointment of receiver for corporation, under Rev. St. arts. 2128, 2154, need not comply with article 1203, providing for dissolution of corporation.

**6. Corporations ⚍614(2)—Corporation cannot be dissolved in stockholders' action for appointment of receiver.**

Corporation cannot be dissolved under Rev. St. art. 1203, in stockholders' action under articles 2128, 2154, for appointment of receiver.

**7. Corporations ⚍621(1)—Receiver cannot be appointed in proceedings for dissolution.**

Receiver cannot be appointed in proceedings for dissolution of corporation under Rev. St. art. 1203.

**8. Corporations ⚍622(2)—Sale of property is matter for receiver to determine under orders of court, though prayed for in petition for receivership.**

Sale of corporation property is a matter for the receiver to determine under the orders of the court, though prayed for in stockholders' petition for appointment of receiver.

On Motion for Rehearing.

**9. Corporations ⚍557(1)—Receivers ⚍3—No suit merely for appointment of receiver in absence of statute, but, if final relief is asked by shareholders, equity will recognize suit for corporation receiver.**

In the absence of a statute, there is no suit in equity merely for appointment of receiver, but, if some final relief is asked by shareholders, equity will recognize suit for receiver for corporation.

Appeal from District Court, Starr County; Hood Boone, Judge.

Suit by J. W. Moore and others against the Berkshire Petroleum Corporation. From an interlocutory order granting a receivership and appointing a receiver to take possession of defendant's property, the defendant appeals. Affirmed.

Seabury, George & Taylor, of Brownsville, for appellant.

Don A. Bliss, of San Antonio, for appellees.

FLY, C. J. This is an appeal from an interlocutory order granting a receivership and appointing a receiver to take possession of the property of the appellant, Berkshire Petroleum Corporation, which receivership was granted at the instance and upon the application of J. W. Moore, Ira J. Windbigler, J. L. Windbigler, E. I. Stewart, J. E. Jodgin, H. E. Smith, T. F. Barrett, G. H. Sutherland, L. H. Smith, Oscar S. Perkins, S. M. Duffie, E. V. Sprowl, C. W. Faris, L. L. Tyron, S. J. Young, D. W. Rowe, E. S. King, W. L. Miller, P. H. Faris, and F. W. McRee. Wilbur G. Close was appointed receiver. Appellant gave a supersedeas bond, and it was ordered that the receiver take no steps under his appointment pending this appeal.

It was alleged in the petition that the corporation was formed and incorporated for the purpose of buying and selling oil or mineral leases in lands and developing the same by drilling wells for the discovery of oil and gas to market for profit, and under its charter powers purchased and obtained a number of oil leases on lands, mainly in Starr county, Tex., and also some in Jim Hogg county, Tex., and that the leased acreage amounts to more than 28,000 acres of land. It was further alleged that the corporation had purchased trucks, automobiles, and two oil drilling rigs, which are fully described, iron casing, drill stem, derricks, camp houses, rollers and a number of tools; said property being reasonably worth $50,000. It was alleged that the corporation had refused and failed to perform its functions in drilling for oil, and was allowing the property to ruin and decay and the leases to lapse and be destroyed. The petitioners represented that each and all of them are owners of the capital stock of said corporation, the amount being 6,000 shares of said capital stock, of the value of $5 a share, and that the bulk of the shareholders reside in New York, who own about five-sixths of the capital stock, the total value of the whole of the capital stock being $150,000. It was alleged that the president and board of directors of the corporation reside in the state of New York, to whom the petitioners had often appealed for action under the charter, for the preservation of leases and property, and for them to give obedience to the laws of Texas in obtaining a permit to do business, as is required of foreign corporations, but their appeals had been ignored and disregarded.

[1] The officers of the corporation were alleged to be residents of a distant state, and were beyond the jurisdiction of the court, and it was alleged that valuable leases were about to lapse for nonaction and the person-

---

⚍For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

al property was being wasted and destroyed. These allegations showed the necessity for the appointment of a receiver, at the hands and on the request of the shareholders of a corporation, without notice, and independent of any suit for another purpose than the appointment of a receiver. From the fact that the corporation had abandoned the business for which it had been incorporated, and neglected its functions, and that there is danger of irreparable loss, the appointment of a receiver may be made the main purpose of a suit. Rev. Stats. arts. 2128, 2154; Cotton v. Rand (Tex. Civ. App.) 92 S. W. 266; Young v. City of Colorado (Tex. Civ. App.) 174 S. W. 995, 996; Simpson v. Alexander (Tex. Civ. App.) 188 S. W. 285; Quintana v. Giraud (Tex. Civ. App.) 209 S. W. 770. As said in 23 Ruling Case Law, § 11, pp. 17, 18:

"A court of equity may, at the instance of minority stockholders, except perhaps where they own a comparatively small interest, appoint a receiver for a corporation where the business has been so mismanaged as to render it insolvent, or where it is absolutely necessary to preserve the property and business, or the interests of the stockholders."

That is a clear statement of the law in Texas.

[2-4] The appointment of a receiver is largely a matter of discretion of the trial judge, and, unless it appears that there has been a clear abuse of such discretion, an appellate court will not interfere with such appointment. The only requirement in the exercise of such discretion is that it is sound and judicial. We fail to see any abuse of such discretion in the appointment of a receiver under the allegations of the petition in this case. The decisions cited by appellant do not militate against this ruling.

[5-7] This suit was not brought under article 1203, Revised Statutes, providing for the dissolution of a private corporation, and appellees must not be held to a compliance with its provisions, but the case must be decided under the provisions of articles 2128 and 2154, hereinbefore cited. As said by this court in Kokernot v. Roos, 189 S. W. 505:

"There is no authority given a stockholder in article 1203 to apply for a receiver, but to obtain this authority he must go to article 2154, Revised Statutes, where it is provided that: 'Any stockholder * * * of such joint stock or incorporated company may have his or their action against such company, and may have a receiver appointed as in ordinary cases.' The article places the stockholder in the same class with a creditor or other individual, and his right to a receiver must then depend on his ability to bring himself within the purview of one of the subdivisions of article 2128, which define the circumstances under which a receiver may be appointed. It would not matter whether the stockholder had twenty-five or one per cent. of the stock of the company;

if he could show that he was entitled to a receivership the law would accord it to him."

The corporation cannot be dissolved under the provisions of articles 2128 and 2154, nor can a receiver be appointed under the provisions of article 1203, and the trial court will keep that in view in further proceedings in this case. The question of a permit to do business in this state can have no bearing on this case.

[8] Although the appellees pray for a sale of the property by the receiver, that will be a matter for the receiver to determine under the orders of the court. The receiver may deem it best for the corporation to perform its functions under its charter, or he may conclude, as "the arm of the court," that the property should be sold and the proceeds divided among the shareholders, if there are no creditors. Under appellees' petition there can be no dissolution of the corporation.

The judgment is affirmed.

## On Motion for Rehearing.

This is a clear case of the officers of a corporation, who are nonresidents, failing and refusing to perform their functions and permitting the property of the corporation to be destroyed and its interests to be neglected. Have the minority stockholders, living in Texas, who have invested their money in the corporation, no redress in a court of equity? That they have not is what, in effect, is contended for by the corporation.

Article 2128, after naming three specific cases in which a receiver may be appointed, provides:

"4. In all cases where receivers have heretofore been appointed by the usages of the court of equity."

That subdivision of the statute authorizes an inquiry into what action will be taken under a certain state of facts not provided for in the statute. That clause impinges in no manner upon the rights and powers given by the other clauses, but extends the scope of the statute so as to include all cases allowed under the usages of courts of equity. Shaw v. Shaw, 51 Tex. Civ. App. 55, 112 S. W. 127. There is no statutory provision either permitting or prohibiting the appointment of a receiver for a corporation when the officers are refusing to serve and the property is being destroyed, and, of course, no provision that the individual stockholder must sue the corporation for debt before he can obtain equitable relief. The statute in the first two instances provides that a suit must be brought for certain purposes, and the appointment of a receiver would be merely incidental to the main purpose of the suit. It is not so clear that suit independent of the application for a receiver must always be pending when a receiver is sought under the terms of the third clause of the

statute. If a shareholder could obtain any redress from the destruction of his corporate holdings, it would seem that under that clause he might obtain aid through a court of equity.

However, this suit was not brought because the corporation had been dissolved, or is insolvent, or that there is imminent danger of insolvency, or has forfeited its corporate rights, but because of the failure of the officers of the corporation to perform their fiduciary duties, and because such negligence was threatening to destroy the value of the shares held by those seeking a receivership.

[9] Courts of equity have inherent power to appoint receivers independently of statutory authority, 5 Pomeroy's Equity Jur. § 116. And while, without a statute providing for it, equity recognizes no such thing as a suit for the mere appointment of a receiver, yet, if some final relief, as in this instance, is asked by a shareholder, a court of equity will recognize the suit. 5 Pom. Eq. Jur. § 118. In the older cases it was held that the general equitable powers of courts of equity would not justify the appointment of a receiver to assume the management of the affairs of a corporation at the suit of a stockholder alleging fraud or mismanagement. However, the trend of modern authority favors the inherent power of the court in a proper case to place the affairs of a corporation, at the suit of stockholders, in the hands of a receiver, when the officials are guilty of fraud or neglect. 5 Pom. Eq. Jur. §§ 120–122, and the numerous authorities cited in the footnotes in support of the text.

The motion for rehearing is overruled.