PARKER et al. v. AMERICAN SULPHUR & FERTILIZER CO. et al. (No. 632.)

Court of Civil Appeals of Texas. Waco.
Jan. 26, 1928.

Rehearing Denied March 8, 1928.

1. Appeal and error ⟨key⟩755—Error in sustaining general demurrer to petition is fundamental error requiring appellate court's consideration, though no brief filed.

Error of trial court in sustaining general demurrer to plaintiffs' petition is fundamental and must be considered by appellate court, though no brief has been filed.

2. Appeal and error ⟨key⟩917(1)—Allegations of petition are deemed true by appellate court in passing on demurrer.

Allegations of petition must be taken as true by appellate court in passing upon demurrer.

3. Corporations ⟨key⟩614(4)—Stockholders' petition alleging corporation's meager assets, judgments, forfeiture of right to do business, and directors' fraud held not to state cause of action for dissolution (Rev. St. 1925, arts. 1383, 1384, 1387, §§ 5, 7).

Suit by three stockholders alleging that corporation had but little property, that there were outstanding judgments, that its right to do business was forfeited by nonpayment of franchise tax, and that its officers had fraudulently entered into contract on behalf of corporation for their own benefit, while showing sufficient grounds to justify forfeiture of charter for corporation's insolvency, under Rev. St. 1925, art. 1387, § 7, held not to state cause of action for dissolution on account of failure to allege permission to prosecute suit as required by articles 1383 and 1384, there being no right to prosecute suit even if charter had been forfeited by state, under article 1387, § 5.

4. Corporations ⟨key⟩557(2)—Stockholders' petition alleging forfeiture of corporation's right to do business, bad financial condition, and directors' fraud held insufficient to warrant appointment of receiver.

Petition by stockholders alleging forfeiture of corporation's right to do business, facts tending to show insolvency, and that majority of directors made contract on behalf of corporation, fraudulently for their own benefit held not to state cause of action for appointment of receiver, where plaintiffs alleged no claim against corporation or lien on its property, and where receivership appeared to be the only relief sought.

**5. Corporations ⬤⇒552—Bill having for sole object appointment of receiver for corporation will not generally be entertained.**

As a general rule, bill which has for its sole object the appointment of a receiver for a corporation will not be entertained and suit cannot be maintained, where receivership is primary object and no cause of action or ground for equitable relief is otherwise stated.

Appeal from District Court, Dallas County; Royall R. Watkins, Judge.

Suit by P. B. Parker and others against the American Sulphur & Fertilizer Company and others. Judgment for defendants, and plaintiffs appeal. The appeal was dismissed for want of prosecution. On defendants' motion for reinstatement. Motion overruled.

J. D. Kugle, of Dallas, and A. H. Kirby, of Fort Worth, for appellants.

L. M. Ballowe and W. M. Harris, both of Dallas, for appellees.

PER CURIAM. Dismissed for want of prosecution.

### On Rehearing.

STANFORD, J. [1] The appeal in this cause when reached for submission was dismissed for want of prosecution, in that appellant had filed no brief. In due time appellant filed a motion requesting that the appeal be reinstated, and, as ground for such action, suggests fundamental error, to wit, that the trial court erred in sustaining a general demurrer to their amended petition. Such action on the part of the court, if error, was fundamental and must be considered by this court, so the only question involved is, Did the trial court err in sustaining a general demurrer to appellants' first amended petition?

[2, 3] The suit is by appellants, three alleged stockholders in the American Sulphur & Fertilizer Company, Inc., against said corporation and its officers and directors. Appellants allege, in substance, that said corporation has but little property and no money nor credit; that there are judgments against said corporation, and if same are not paid the property will be sold one article or part at a time, and if so sold said property will sell for very little, but if the sulphur land, machinery, etc., for mixing said mineral are all sold together, it would sell for enough to pay all debts and leave a balance to be distributed among stockholders; that the right of said corporation to do business in Texas has been forfeited for nonpayment of franchise tax, etc.; that said corporation has no right to do business in Texas, etc., and that it is the duty of its officers as trustees to wind up the affairs of said corporation, pay its debts, and distribute the remainder among its stockholders, etc.; that said corporation has failed to pay in or cause to be paid the unpaid portion of its capital stock, etc.; that three of the directors, which are a majority, in violation of the law and of their duty as directors, and in fraud of the rights of the corporation and its stockholders, have, as heretofore established by the judgment of the court in an agreed judgment entered with the consent of said three directors, heretofore entered into contracts on behalf of said corporation in which they had a personal interest and from which they hoped to derive a personal benefit to themselves in fraud of the rights of said corporation, its stockholders, and these plaintiffs. Appellants' only prayer was for the appointment of a receiver. Taking the allegations of appellants' petition to be true, as we must in passing upon the demurrer, it shows sufficient grounds, to wit, insolvency of the corporation, to justify a forfeiture of its charter. Article 1387, § 7, Revised Statutes 1925. Before such suit can be maintained, leave therefor must first be granted by the judge of the court in which the proceeding is to be instituted. Articles 1383 and 1384, Revised Statutes 1925. If this was a suit to dissolve, the pleading was insufficient in that there is no allegation that leave was obtained to prosecute such suit. There is no allegation that the charter had been forfeited by the state, as provided may be done under article 1387, § 5, but if the charter had been forfeited by the state and this had been properly pleaded, this would have shown no right in appellants to prosecute this suit, as in such case the officers and directors of the corporation became liquidating agents charged with the duty of winding up the affairs of the corporation. Article 1388, Revised Statutes.

[4, 5] Appellants allege that the corporation's right to do business in Texas has been forfeited and that it is not doing business, and alleges facts tending to show it is insolvent, and that at some time in the past three of the directors, a majority, who are now acting as trustees, made a contract on behalf of the corporation out of which they expected to reap a personal benefit, but these allegations are insufficient to warrant the appointment of a receiver at the suit of these stockholders. Appellants allege no claim against the corporation or lien upon its property. The only object of the suit appears to be the appointment of a receiver. The general rule is that a bill which has for its sole object such appointment will not be entertained, and a suit therefor cannot be maintained where that is the primary object, and no cause of action or equitable relief is otherwise stated. Continental Trust Co. v. Brown (Tex. Civ. App.) 179 S. W. 939; Republic Trust Co. v. Taylor (Tex. Civ. App.) 184 S. W. 772; Alto Oil, etc., Co. v. Berryman (Tex. Civ. App.) 218 S. W. 513; Phœnix Oil Co. v. Mc-

Larren (Tex. Civ. App.) 244 S. W. 830. There are exceptions to the above general rule (Berkshire, etc., Co. v. Moore et al. [Tex. Civ. App.] 268 S. W. 484), but the allegations of appellants' petition do not bring the case within any of said exceptions.

The court did not err in sustaining appellee's general demurrer to appellants' petition. The motion is overruled.