## SIMMONS et al. v. PATTON et al.
### No. 11604.

Court of Civil Appeals of Texas. Dallas.
Jan. 20, 1934.

Bird & Bird, of Dallas, for relators.

W. B. Handley and C. J. Shaeffer, both of Dallas, for respondents.

JONES, Chief Justice.

In a suit for partition of real estate and accounting between the parties in this cause, a judgment was entered, decreeing a partition of the property belonging to the estate of the deceased parents of relators and respondents. A judgment was entered, a writ of error perfected to this court, but the cause was affirmed on certificate on October 2, 1933, and a mandate issued to the lower court.

Before the execution of the judgment on the mandate, one of the respondents, Susie Patton, an unmarried daughter of deceased, filed in the same cause below what she terms a bill of review, alleging a homestead claim in the property ordered to be partitioned, and alleging defects in the judgment which challenges the service of citation in error on the petition for the writ of error in the lower court, and challenges the finality of the judg-

ment, on grounds specifically alleged. While the petition filed was styled a bill of review, it is in effect an independent action to establish a homestead right by a surviving constituent member of the family, in the estate of the deceased parents, and to deny the right of partition against her homestead right.

Relators filed in this court an original action, praying for a writ of prohibition, prohibiting the prosecution and trial of this alleged bill of review, on the ground that it is an illegal interference with the enforcement of the judgment of this court.

Respondents filed an answer, contending that the judgment affirmed on certificate by this court shows on its face that it is not a final judgment, in that, it shows (1) that it is a partition suit to divide an estate among the children of the deceased parents and decree generally that seven of these children are entitled each to 2/15 of this estate, and that one child is entitled to 1/15, but does not designate either the child who is entitled to the 1/15, or the children who are entitled to 2/15, and hence violates a mandatory provision of article 6086, R. S., which requires the court, in a partition suit, to determine the share or interest of each of the claimants in the real estate sought to be partitioned; (2) the record in this court in the cause affirmed on certificate affirmatively shows that service of citation had not been had on defendants in error at the time said cause was so affirmed. Respondents further allege that the judgment shows on its face that the land partitioned was the community estate and homestead of the deceased parents, and that respondent Susie Patton is an unmarried daughter, living with her parents at the time of their deaths, has since resided on said land, and hence, under the Constitution and statutes of this state, is entitled to a homestead as against the partition of the property by the other heirs, and hence is not illegally interfering with the enforcement of said judgment in a suit to establish such homestead right.

It is not necessary to determine the issues raised in respect to the validity, on the face of the record, of the judgment affirmed on certificate, and we express no opinion on such issues.

 The judgment affirmed on certificate is silent as to the adjudication of the homestead claim of Susie Patton under the Constitution and statutes of this state. Under such condition of the record, it will not be presumed that such issue was before the court,

or that it was adjudicated. Cline v. Niblo, 117 Tex. 474, 8 S.W.(2d) 633–639, 66 A. L. R. 916. The right to have such claim adjudicated, therefore, still rests in Susie Patton, and having such right it is not an illegal interference with the enforcement of the judgment of this court to attempt by suit to assert such right. The writ of prohibition is denied.

Writ denied.