## PATTON et al. v. BYRD et al.
## No. 11889.

Court of Civil Appeals of Texas. Dallas.
Oct. 6, 1934.

Rehearing Denied Nov. 3, 1934.

W. B. Handley and C. J. Shaeffer, both of Dallas, for appellants.

Bird & Bird, of Dallas, for appellees.

BOND, Justice.

In a suit for partition of real estate and accounting between the parties to this cause, a judgment was entered, decreeing a partition of the property belonging to the estate of the deceased parents of appellants and appellees. An appeal was perfected to this court, but the cause was affirmed on certificate, and a mandate issued to the lower court.

Before the execution of the judgment on the mandate, one of the defendants, Susie Patton, an unmarried adult daughter, filed in the same cause, in effect, an individual action, to establish a homestead right, as a surviving constituent member of the family, in the estate of her deceased parents, and to prevent partition by the other heirs.

The judgment affirmed on certificate, is silent as to the adjudication of the homestead claim of Susie Patton, as that issue was not involved in the original action for partition and accounting, and, on an original action filed in this court by the judgment plaintiffs, we held that the homestead claim of Susie Patton was not before the court below, or that it was adjudicated, and that Susie Patton had a right to adjudicate such claim. Simmons v. Patton (Tex. Civ. App.) 67 S.W.(2d) 894. The judgment of this court constitutes no effective plea in bar, on the theory of res adjudicata, to a subsequent action of Susie Patton, seeking to establish her homestead rights, or to the other claimants resisting her claim. The effect of the judgment is that Susie Patton still had the right to litigate her homestead claim, irrespective of the judgment theretofore rendered, affirmed on certificate, and mandate issued to the lower court.

The homestead issue has since been adjudicated, and the case reaches this court on appeal from a judgment of the lower court, denying to Susie Patton a homestead in the estate of her deceased parents, she being the unmarried adult daughter, and a constituent member of their family.

The agreed case, upon which the parties submitted the issue, is that the property sought to be partitioned is owned in common by appellants and appellees; was the homestead of M. P. Patton and his wife at the time of their respective deaths, through whom all parties inherit. After Patton's death, the homestead continued to be occupied by Mrs. Patton and Susie Patton, their daughter. After Mrs. Patton's death, Susie Patton has continued to occupy the homestead. Susie Patton is an unmarried daughter, about 47 years of age. There are no minor children of either M. P. Patton or his wife, and no creditors of the deceased asserting a right in the homestead.

There is no authority under our Constitution, statutes, or decisions of the Texas courts that prevents a partition of an estate among the lawful heirs, where there are no minors of the deceased, and gives to a surviving unmarried adult daughter, a constituent member of the family at the death of her parents, a homestead right as would enable her to prevent or defer partition in respect thereto.

Section 52 of article 16 of the Constitution provides: "On the death of the husband or wife, or both, the homestead shall descend and vest in like manner as other real property of the deceased, and shall be governed by the same laws of descent and distribution, but it shall not be partitioned among the heirs of the deceased during the lifetime of the surviving husband or wife, or so long as the survivor may elect to use or occupy the same as a homestead, or so long as the guardian of the minor children of the deceased may be permitted, under the order of the proper court having the jurisdiction, to use and occupy the same." No provision is made in that section of the Constitution for an unmarried adult daughter, a constituent member of the family, to occupy the homestead and prevent a partition of it among the heirs of the deceased parents. The Constitution will not be construed so as to include any one except those named therein. Roots v. Robertson, 93 Tex. 365, 55 S. W. 308.

The Legislature has placed no restriction on the heirs of deceased persons, where there are no minors, no debts or administration on the estate, to partition the homestead, where the conditions exist as in this case. An unmarried adult daughter's right to homestead exemptions is not provided by statute, as against the other adult claimants to the real estate. Article 3496, R. S. 1925, provides that: "The homestead shall not be partitioned among the heirs of the deceased during the

lifetime of the widow, or so long as she may elect to use or occupy the same as a homestead, or so long as the guardian of the minor children of the deceased may be permitted under the order of the proper court having jurisdiction, to use and occupy the same." This enactment, as does the Constitution, excludes homestead exemptions to adult children, and, in our opinion, is a recognition of the right to a partition of the homestead by the heirs of the deceased parents.

Appellants appeal to the authorities of Cline v. Niblo, 117 Tex. 474, 8 S.W.(2d) 633, 66 A. L. R. 916, and Ward v. Hinkle, 117 Tex. 566, 8 S.W.(2d) 641, 642, wherein our Supreme Court states that: "The Constitution and laws of this state * * * provided that, if an unmarried daughter survived, the homestead could not be partitioned so long as she elected to occupy it." In the Niblo Case, it will be seen that there were minor children; thus, the constitutional and statutory inhibitions declare, in plain language, that the homestead could not be partitioned by the heirs so long as the guardian of the minor children of the deceased may be permitted, under the order of the probate court, having the jurisdiction to use and occupy the same. Therefore, minors, having the right of occupancy of the homestead, give rise to the right of an unmarried daughter, a constituent member of the family, to prevent or defer partition of the same. So, in the Ward Case, an attempt was made to subject the homestead to the right of creditors. Article 3485, R. S., makes it the duty of the probate court, upon the return of the inventory, in an administration to set apart, for the use and benefit of the widow and minor children and unmarried daughter remaining with the family of the deceased, all such property as may be exempt from execution or forced sale by the Constitution and laws of the state. Article 3488 provides to whom the exempt property shall be delivered, and concludes: "In all cases, the homestead shall be delivered to the widow, if there be one, and if there be no widow, to the guardian of the minor children and unmarried daughters, if any, living with the family." Thus, the homestead is plainly withdrawn from administration and from creditors, and, as against the latter, the statutes recognize a homestead right in unmarried daughters. So, we think, in the Niblo Case and the Ward Case, our Supreme Court, as against creditors, and where there are minor children, recognizes the unmarried daughter's right to prevent or defer partition of the homestead, in

pronouncing that, "If an unmarried daughter survived, the homestead could not be partitioned so long as she elected to occupy it."

In the case of Quintana v. Giraud (Tex. Civ. App.) 209 S. W. 770, 771, cited by the Supreme Court as authority in the Niblo Case, the court said that: "If it be true that the homestead is protected, in favor of an unmarried adult daughter, against creditors, the Constitution does not protect it from partition among the heirs, but clearly contemplates that it may be partitioned, for the only persons whose interests are to be protected as against partition of the homestead are the surviving husband or wife or minor children."

In the instant case, we are of the opinion that the Legislature did not intend to make the right to partition among the heirs, subordinate to any other than the claims of the widow and the minor children, and so is the effect of the provisions of the Constitution. White v. Small, 22 Tex. Civ. App. 318, 54 S. W. 915 (writ of error refused); Quintana v. Giraud, supra; Gill v. Baird (Tex. Civ. App.) 32 S.W.(2d) 941. The judgment of the lower court is affirmed.

Affirmed.