George J. AUBIN, et al., Appellants,

v.

**TERRITORIAL MORTGAGE COMPANY OF AMERICA, INC., Appellee.**

No. C3008.

Court of Appeals of Texas, Houston (14th Dist.).

Aug. 19, 1982.

Theo W. Pinson, Paschetag, Old & Pinson, Houston, for appellants.

Timothy A. Beeton, James E. Doyle, Ronald J. Restrepo, Foreman & Dyess, Houston, for appellee.

Before MILLER, MORSE and JAMES, JJ.

## OPINION

MORSE, Justice.

This is an interlocutory appeal from an order appointing a receiver for the assets and business of MA Financial Corporation and from an order striking the appearance of the firm of Susman & McGowan as attorneys for said corporation. Finding no unconstitutionality on the face of or in the application of Tex.Bus.Corp.Act Ann. art. 7.05 (Vernon 1980), or in the exercise of the equity jurisdiction of the trial court in appointing such receiver to conserve the assets of the corporation and avoid damage to the parties at interest and to determine whether or not the corporation should make application for a receiver to liquidate its assets under Article 7.06 of the Act, we affirm.

Appellee, Territorial Mortgage Company of America, Inc., sued appellants, Aubin and MA Financial Corporation (hereinafter "MAF"), asserting a derivative action for

MAF, asking for a temporary restraining order and a temporary injunction to restrain Aubin from (1) writing or authorizing certain checks on the accounts of MAF, (2) pledging MAF's assets, (3) taking certain actions with regards to its records, and (4) acting as an officer of MAF. By ex parte temporary restraining order, specific and limited restraints on negotiation of checks and with regard to the records were effectuated, and the TRO was later supplanted by an agreed temporary injunction. After an expedited discovery schedule, a temporary injunction hearing was held and a temporary injunction was entered on July 2, 1981. After additional discovery, the appellee filed on September 11, 1981 a Third Amended Original Petition and Application for Receiver along with a Motion to Strike Appearance of Counsel Susman and McGowan on the basis of conflict of interest. At the hearing on the latter motion on September 14, it was announced that MAF had filed for reorganization under Chapter 11 of the Bankruptcy Code. The bankruptcy action was dismissed by agreement on November 2, 1981 and hearing on the receivership reconvened on that date. At that same time the trial court struck the appearance of the firm Susman and McGowan, which had previously on June 25 withdrawn as counsel for Aubin.

New counsel for MAF requested a continuance which was denied and pointed out that appellee was not a creditor authorized under Article 7.06 to apply for receivership. Thereupon, the court went forward as to receivership, announcing that if appellee had no standing, a receiver would be considered on the Court's own motion. By order of November 4, 1981, the court appointed the Honorable John L. Compton as receiver for the business and assets of MAF Financial Corporation, stating that in the Court's equitable discretion it was of the opinion that a receiver should be appointed under Article 7.05 to conserve the assets and avoid damage to the parties at interest and to determine whether or not the corporation should make application for a receiver to liquidate the assets of the corporation under Article 7.06, the appointment being

"during the period of time required to determine the status of the corporation's businesses and to determine whether or not the corporation should apply to the Court for the appointment of a receiver to liquidate the corporation."

Appellants assert five points of error. The first three points contend that Article 7.05 is unconstitutional and violates due process "on its face" and "in its application" and that appellants' constitutional rights were also violated when the trial court exercised its "equity jurisdiction" in appointing a receiver. Appellants' fourth point of error asserts that the trial court erred in appointing an operating receiver when the uncontroverted evidence is claimed to have shown that the corporation could not be rehabilitated. The fifth point of error complains of the trial court's disqualification of the original firm acting as attorneys for MAF because appellee lacked the standing to seek such disqualification and did not show cause for such disqualification.

With regard to the first three points of error, appellants rely on the mandates of due process articulated in *Fuentes v. Shevin*, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972), and in *Mitchell v. W.T. Grant Co.*, 416 U.S. 600, 94 S.Ct. 1895, 40 L.Ed.2d 406 (1974). These cases involve statutory seizures of property without previous notice or hearing, based upon a filing by a creditor initiating proceedings against a defendant not previously brought before the court. In *Fuentes v. Shevin, supra,* the statutory replevin procedure on unsworn ex parte application and posting of bond was held contrary to due process despite the defendant's ability to reclaim by bonding within three days. The United States Supreme Court held that there was no "extraordinary situation" shown to justify the postponing of notice and hearing prior to such seizure because of public interest, special need for prompt action and state's strict control of the application of such force. The unconstitutionality stems from the statute's abdication of effective state control over the state power, because no state official participated in the decision to seek the writ, the basis of the claim or the need for immediate seizure.

On the other hand, in *Mitchell v. W.T. Grant, Co., supra,* the statutory sequestration procedure was approved by the United States Supreme Court despite lack of prior notice and hearing, because the ex parte application was verified as required by statute and made the requisite showing of grounds for the writ, which was issued on judicial order after presentation and pursuant to the court's control from beginning to end. This procedure, held not contrary to due process requirement, was similar to the temporary restraining order procedure, which was followed earlier in the case below, without any complaint by appellants as to deprival of due process.

Unlike the situation in *Fuentes v. Shevin, supra,* appellants Aubin and MAF had been parties participating in proceedings over a period of nearly six months during which there had been agreed orders, discovery, temporary injunction hearing and numerous appearances on motions before the court. There had been the delays caused by the filing and dismissal of bankruptcy proceedings and by the removal to Federal Court and remand. A hearing was held on November 2, 1981 at which the whole matter of a receivership of the assets and business of the nominal defendant corporation was considered under the statutory provisions sought to be made applicable by the appellee as well as under the provisions which the court had announced it would consider on its own motion. This was two days prior to the entry of the order appointing a receiver after the court "read the pleadings and considered the evidence presented in all of the proceedings and hearings before the court in this case." The court then stated it arrived at the opinion that the application for receiver for the business and assets of the corporation should be granted and that "upon its own motion, and in the Court's equitable discretion," a receiver should be appointed under Article 7.05 "to conserve the assets of the corporation and to avoid damage to parties at interest and to determine whether or not the corporation should make application for a receiver to liquidate the assets of the corporation under Tex.Bus. Corp.Act Ann. art. 7.06 (Supp.1980)."

Article 7.05, although codified under the title "Appointment of a Receiver to Rehabilitate Corporation", provides as follows:

A. A receiver may be appointed for the assets and business of a corporation by the district court for the county in which the registered office of the corporation is located, whenever circumstances exist deemed by the court to require the appointment of a receiver to conserve the assets and business of the corporation and to avoid damage to parties at interest, but only if all other requirements of law are complied with and if all other remedies available either at law or in equity, including the appointment of a receiver for specific assets of the corporation, are determined by the court to be inadequate, and only in the following instances:

(1) In an action by a shareholder when it is established:

(a) That the corporation is insolvent or in imminent danger of insolvency; or

(b) That the directors are deadlocked in the management of the corporate affairs and the shareholders are unable to break the deadlock, and that irreparable injury to the corporation is being suffered or is threatened by reason thereof; or

(c) That the acts of the directors or those in control of the corporation are illegal, oppressive of fraudulent; or

(d) That the corporate assets are being misapplied or wasted.

(e) That the shareholders are deadlocked in voting power, and have failed, for a period which includes at least two consecutive annual meeting dates, to elect successors to directors whose terms have expired or would have expired upon the election and qualification of their successors.

(2) In an action by a creditor when it is established:

(a) That the corporation is insolvent and the claim of the creditor has been reduced to judgment and an execution thereon returned unsatisfied; or

(b) That the corporation is insolvent and the corporation has admitted in writing

that the claim of the creditor is due and owing.

(3) In any other actions where receivers have heretofore been appointed by the usages of the court of equity.

B. In the event that the condition of the corporation necessitating such an appointment of a receiver is remedied, the receivership shall be terminated forthwith and the management of the corporation shall be restored to the directors and officers, the receiver being directed to redeliver to the corporation all its remaining properties and assets.

Long prior to the enactment of that article 7.05 in 1955, receivers had been appointed for corporations pursuant to "the usages of the court of equity" in Texas. In *Berkshire Petroleum Corp. v. Moore,* 268 S.W. 484 (Tex.Civ.App.—San Antonio 1925, no writ), the court stated:

A court of equity may, at the instance of minority stockholders, except perhaps where they own a comparatively small interest, appoint a receiver for a corporation where the business has been so mismanaged as to render it insolvent, or where it is absolutely necessary to preserve the property and business, or the interest of the stockholders.

That is a clear statement of the law in Texas. The appointment of a receiver is largely a matter of discretion of the trial judge, and unless it appears that there has been a clear abuse of such discretion, an appellate court will not interfere with such appointment. The only requirement in the exercise of such discretion is that it is sound and judicial.

*Berkshire Petroleum Corporation v. Moore,* supra at 486. On rehearing the court further stated:

Courts of equity have inherent power to appoint receivers independently of statutory authority, 5 Pomeroy's Equity Jur. § 116. And while, without a statute providing for it, equity recognizes no such thing as a suit for the mere appointment of a receiver, yet, if some final relief, as in this instance, is asked by a shareholder, a court of equity will recognize the suit.

5 Pom.Eq.Jur. § 118. In the older cases it was held that the general equitable powers of courts of equity would not justify the appointment of a receiver to assume the management of the affairs of a corporation at the suit of a stockholder alleging fraud or mismanagement. However, the trend of modern authority favors the inherent power of the court in a proper case to place the affairs of a corporation, at the suit of stockholders, in the hands of a receiver, when the officials are guilty of fraud or neglect. 5 Pom.Eq. Jur. §§ 120–122, and the numerous authorities cited in the footnotes in support of the text.

The motion for rehearing is overruled. *Berkshire Petroleum Corporation v. Moore, supra* at 487.

■ The sworn allegations in the original petition filed below on May 26, 1981 as well as in the Third Amended Original Petition and Application for Receiver filed September 11, 1981, clearly asserted acts by the Appellant Aubin (and by MAF through him) which created danger of insolvency, threatened irreparable injury to the corporation and its shareholders and were illegal, oppressive and fraudulent and amounted to misapplication and waste of the corporate assets. These activities, regardless of the deadlock shown to exist between the two equal owners of the corporation whose representatives were the only two directors, were sufficient to show the need for a receiver under the general principles of equity.

■ As to the contended unconstitutionality of Article 7.05, for failure to specify the requirement of due notice and opportunity for hearing prior to seizure of property by receivership, it should be noted that the statute only allows a receiver to be appointed "whenever circumstances exists deemed by the court to require" it and then "only if all other requirements of law are complied with and if all other remedies available either at law or in equity ... are determined by the court to be inadequate," in addition to the specific grounds for such appointment which were set out in the fol-

lowing subsections. There could be no lack of due process "on the face of" such statute under the principles of *Fuentes v. Shevin, supra,* where the court is required to determine that other remedies are inadequate and to deem that such appointment is required to conserve the assets in business of the corporation and to avoid damaging the parties at interest, and also where all other requirements of law are required to be complied with. This latter provision would include any legal requirements of notice or hearing.

■ Neither was there any unconstitutional deprival of due process in the application of the statute, because notice and hearing as to the appointment of a receiver, whether or not as to the extent of such receivers functions, were clearly provided. Furthermore, there has been no showing that the express notification of the court that consideration of appointment of receiver under Article 7.05 and the opportunity for hearing afforded appellants by the trial court prior to the entry of its order complained of were not adequate.

Appellant's first three points of error are overruled because there has been no showing of an unconstitutional deprival of due process under the statutory provisions, their application or in the equitable jurisdiction exercised by the trial court.

■ In their fourth point of error, appellants contend that the trial court erred in appointing a rehabilitating receiver under art. 7.05 when the evidence indicated that the corporation could not be rehabilitated. Appellants' reasoning is unclear and no authority is cited in support of their position. However, we assume that appellants' position is that the trial court abused its discretion in appointing the rehabilitating receiver under Art. 7.05.

In *Greater Fort Worth v. Mims,* 574 S.W.2d 870, 872 (Tex.Civ.App.—Fort Worth 1978, writ dism'd), the court stated:

We recognize that, at common law, receivership is a drastic remedy and the appointment of a receiver will be reversed where no evidence supports it.

*Zanes v. Lyons,* 36 S.W.2d 544 (Tex.Civ. App.—Dallas 1931, no writ). Where the trial court appoints a receiver it is presumed the court acted fairly and according to law, and that proper and sufficient grounds existed. *Scott v. Sampson,* 333 S.W.2d 220 (Tex.Civ.App.—Fort Worth 1960, writ ref'd n.r.e.). This is especially the case where the court made the appointment on its own motion. Since receivership is an equitable remedy within the sound discretion of the trial court, an appointment will not be disturbed on appeal unless the record reveals a clear abuse of discretion. *Strategic Minerals Corp. of America v. Dickson,* 320 S.W.2d 882 (Tex.Civ.App.—Austin 1959, writ ref'd n.r.e.).

A close review of the record before us does not show a clear abuse of discretion by the trial court in appointing a receiver under Article 7.05. Appellants' fourth point of error is overruled.

Appellants' fifth point of error contends that the trial court erred in disqualifying Susman & McGowan as counsel for defendant MAF. Appellant argues that plaintiff-appellee (1) did not have standing to seek the disqualification and (2) did not show cause for such disqualification. Appellee asserts that this court does not have jurisdiction to decide said issue because the order complained of was interlocutory and not appealable.

■ This court recently held in *Nowlin v. Wheeler,* 617 S.W.2d 809 (Tex.App.—Houston [14th Dist.] 1981, no writ), that:

This court is without jurisdiction to act on interlocutory orders save in the four instances provided by statute: 1) pleas of privilege, 2) appointments of receivers or trustees, or orders overruling motions to vacate such appointments, 3) orders certifying or refusing to certify a class in suits brought pursuant to Tex.R.Civ.P. 42, and 4) temporary injunctions. Tex. Rev.Civ.Stat.Ann. art. 2008 (Vernon 1964), art. 2250 (Vernon Supp.1980–81), art. 2251 (Vernon 1971).

The order disqualifying Susman & McGowan as counsel for defendant is interlocutory

and we are without jurisdiction to consider this matter upon this appeal. *Thomas v. Peoples National Bank,* 380 S.W.2d 789 (Tex.Civ.App.—Fort Worth 1964, writ dism'd). Appellants' fifth point of error is overruled and the judgment of the trial court is affirmed.