**Opinion issued September 26, 2013**



**In The**

# Court of Appeals

**For The**

# First District of Texas

———————————

**NO. 01-13-00639-CV**

———————————

**JORGE HERMIDA-LARA, Appellant**

**V.**

**ROSA ROSAS, Appellee**

---

**On Appeal from the 310th District Court**
**Harris County, Texas**
**Trial Court Case No. 2012-69210**

---

**MEMORANDUM OPINION**

Appellant, Jorge Hermida-Lara, attempts to appeal from an order denying his motion to disqualify opposing counsel. We dismiss the appeal.

Appellant filed a motion in the trial court to disqualify opposing counsel. The trial court denied appellant's motion. Appellant timely appealed.

Generally speaking, appellate courts have jurisdiction over appeals from final judgments. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *N.E. Indep. Sch. Dist. v. Aldridge*, 400 S.W.2d 893, 895 (Tex. 1966). Texas appellate courts only have jurisdiction to immediately consider appeals from interlocutory orders if a statute explicitly provides appellate jurisdiction. *Stary v. DeBord*, 967 S.W.2d 352, 352–53 (Tex. 1998). There is no statutory authority, however, for an appeal from an interlocutory order denying a motion to disqualify an attorney. *See Samuels v. Samuels*, No. A14-90-00517-CV, 1990 WL 126600, at *1 (Tex. App.—Houston [14th Dist.] Aug. 30, 1990, no writ) (mem. op, not designated for publication) ("There is no statutory authority for an appeal from an interlocutory order granting a motion to disqualify an attorney."); *Nat'l W. Life Ins. Co. v. Walters*, 663 S.W.2d 125, 126 (Tex. App.—Austin 1983, no writ) ("[A]n order denying a motion to disqualify counsel from representation in a civil proceeding has been held to be an interlocutory order, subject to review by an appellate court only in the event of an appeal from a judgment after trial of the suit on its merits."); *Aubin v. Territorial Mortg. Co. of Am., Inc.*, 640 S.W.2d 737, 742–43 (Tex. App.—Houston [14th Dist.] 1982, no writ) ("The order disqualifying . . . counsel for defendant is interlocutory and we are without jurisdiction to consider this matter upon this appeal."). Therefore, we have no jurisdiction over this appeal.

After being notified that this appeal was subject to dismissal for want of jurisdiction, appellant did not respond.  *See* TEX. R. APP. P. 42.3(a).

Accordingly, we dismiss the appeal.  *See* TEX. R. APP. P. 42.3(a); 43.2(f). We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Justices Keyes, Higley, and Massengale.