## SARAH HOWZE v. JOHN W. HOWZE.

The District Court has original jurisdiction, where the plaintiff's claim involves the construction of a clause in a will.

Appeal from Rusk. Suit by appellant against appellee, commenced May 7th, 1853, for a wagon and yoke of oxen, and damages for their detention. The petition alleged that the plaintiff was the relict of James Howze, who died in June, 1852; that said James had left a will, which had been regularly probated, and of which the defendant was executor; that the will contained the following bequests: "Item 3d; I give and de-"vise to my beloved wife, Sarah Howze, (the plaintiff,) the set-"tlement of land on which I live, in Rusk County, Texas, con-"taining about three hundred and sixty-nine acres, for a home "during her lifetime. I also give and devise to her, as long as "she lives, the following negroes, to wit: Primeras and Hannah "and her children, also all of my household and kitchen furni-"ture, and all of my stock of different kinds, together with am-"ple provision for one year;" that at the March Term, 1853, of the County Court of Rusk County, after due notice to the executor of her application, it appearing to the Court that there was sufficient other property of the estate in the hands of the executor for the payment of all the debts and expenses of administration of said estate, an order was duly made, directing the delivery of the said property as aforesaid; that the defendant denied her right to the wagon and oxen, under the bequest, contending that they were not included therein; had obtained an order for the sale of the perishable property of the estate, and under color thereof, had bid off the said wagon and oxen to one Wade Love for $159, but that Love in fact purchased for defendant, in whose possession the wagon and oxen

still remained ; that the wagon was worth $150, and the oxen worth $75, and the use worth, &c. ; that plaintiff is entitled to them under the will ; that the pretended sale is void, &c. Prayer for citation to defendant, and upon the final hearing, to construe the aforesaid clause of the will of James Howze, deceased; to adjudge and decree that the said John W. Howze deliver to your petitioner the said wagon and oxen, or pay to her what they are reasonably worth, together with the damages, &c., and such other and further relief, &c.

The defendant demurred specially on the ground that the Court had no jurisdiction, and that the suit was prematurely brought, and filed several pleas.

The Court sustained the demurrer. Judgment for the defendant.


*W. Stedman and J. H. Parsons*, for appellant.

*Pitner & Casey*, for appellee, relied on the want of jurisdiction in the District Court, and cited 2 Tex. R. 163 ; Id. 160 ; Hart. Dig. p. 61, Art. IV. Sec. 3 ; Id. Art. 642 ; Id. Art. 1227; and they further argued that, admitting the jurisdiction, the suit was premature ; and cited Hart. Dig. Art. 1191, 1192.


WHEELER, J.   Two grounds are relied on in support of the judgment of the Court, sustaining the demurrer.   1st : that jurisdiction of the case belonged properly and exclusively to the County Court ; 2d : that the suit was prematurely brought.

The right asserted by the plaintiff involved a question of the construction of a clause in the will, under which she claimed ; and that was sufficient to give the District Court original jurisdiction of the case.   It is averred, moreover, that the executor denied the plaintiff's title ; that he had proceeded to sell the property in disregard of her right; that he became himself the real purchaser, retaining the property after the pretended sale; and that he had combined with the nominal purchaser to de-

fraud the plaintiff of her right. There can be no question that these averments were sufficient to give the District Court jurisdiction.

The question of jurisdiction, raised by the demurrer in this case, was considered in the case of Purvis and Wife v. Sherrod, Ex'r, (12 Tex. R. 140,) and the subject had been very fully treated of in the previous case of Smith v. Smith, (11 Tex. R. 102.) It cannot now be considered an open question. The present is a very clear case, for the exercise of original jurisdiction by the District Court, upon the principle of those cases, as well as others cited by counsel for the appellant.

To the remaining objection, that is, that the suit was prematurely brought, it is a sufficient answer that the Statute (Hart. Dig. Art. 1220) authorizes any person entitled to a portion of the estate, at any time after the return of the inventory, to apply for, and, upon the performance of certain precedent conditions, to obtain a partition, and receive his or her share of the estate. It is averred that the plaintiff applied to the Probate Court, and obtained an order of Court for the delivery to her by the executor, of the property bequeathed to her. The presumption, therefore, must be, that the requirements of the law had been complied with on her part; and that she was legally entitled to the immediate possession of the property. And there is, therefore, nothing in the objection that the suit was prematurely brought.

The judgment is reversed, and the cause remanded.

Reversed and remanded.