## KLUGSBERG v. STATE.
### No. 8442.

Court of Civil Appeals of Texas. Austin.
Dec. 18, 1935.

Hughes & Monroe and P. P. Ballowe, all of Dallas, for appellant.

Wm. McCraw, Atty. Gen., and John W. Pope, Jr., Pat M. Neff, Jr., and Leonard King, Asst. Attys. Gen., for the State.

BLAIR, Justice.

The state of Texas sued appellant, Julius Klugsberg, to recover $117,829.23 as the tax due by appellant on cigarettes disposed of by him within Texas in a business he was conducting in Dallas as sole owner, but under the name of Texas Candyland; and to establish and foreclose the statutory tax lien on the properties belonging to and used by appellant in said business. Appellee also prayed for and the court appointed a receiver of the said Texas Candyland properties and business. The appointment was made upon the verified petition of appellee, ex parte and without notice to appellant, who within 20 days appeared and excepted to the action of the court appointing the receiver, gave notice of appeal, and has perfected this appeal on a cost bond.

Appellant contends that the court erred in appointing the receiver ex parte and without notice upon "a petition, which is verified only on information and belief in so far. as any allegations contained in the petition attempt to allege or set forth any reason for an appointment without notice."

The verification of the petition reads as follows: "Before me, a Notary Public in and for Travis County, Texas, on this day personally appeared Sam ·Kimberlin, Director of the Cigarette Tax Division of the Office of the Comptroller of Public Accounts, and known to me to be said person, and upon oath deposes and says that: 'I am Director of the Cigarette Division, Comptroller's Office, State of Texas, and I have the authority to take this oath that I have read the foregoing petition and the facts alleged therein are true and correct, save and except those alleged on information and belief, and those I verily believe to be true."

It clearly appears from this affidavit that affiant swore to all facts alleged to be true and correct as stated in the petition, and swore that he believed all facts alleged on information as stated in the petition to be true and correct. It also clearly appears from the petition which facts were sworn to as being true and correct and which facts were sworn to as being true and correct on information and belief; and it further appears that the facts alleged to be true and correct are in themselves sufficient to authorize the appointment of a receiver ex parte and without notice upon the verified petition. The rule is settled that a verification similar·in all respects to the one here involved is sufficient if the facts alleged to be true and correct can be separated or distinguished from the facts alleged on information and belief to be true and correct, and are in themselves sufficient to authorize the appointment of the receiver. Abilene Ind. Tel. & Tel. Co. v. Southwestern Tel. & Tel. Co. (Tex.Civ. App.) 185 S.W. 356.

Nor do we sustain ·the contentions of appellant that the court erred in appointing the receiver ex parte ´and without notice for the reasons that the verified petition (1) failed to allege facts showing the existence of any extreme or imperative emergency warranting the appointment without notice; (2) failed to allege that a temporary injunction or restraining order would not afford the state an adequate remedy; and (3) failed to allege facts negativing the existence of adequate legal remedies, or equitable remedies less drastic than the appointment of a receiver.

In paragraphs 1 to 10, both inclusive, of the petition are alleged the specific facts upon which the state sought to recover each item of the tax sued for. Each paragraph was numbered and was prefaced with the allegation that the facts stated therein were true and correct. In these ten paragraphs are alleged the specific transactions on which each item of the tax was due, the amount due, and the specific act of fraud, scheme, or device used by appellant to evade the pertinent provisions of the taxing statutes; and that by certain acts of concealment of properties and assets and by the use of fictitious names to whom appellant made interstate shipments of cigarettes to himself, appellant practiced fraud upon the state and the taxing statutes under which the tax was due; that appellant failed to keep proper books and accounts of his cigarette transactions; and that he fraudulently concealed the properties and assets used in his business, and fraudulently concealed the true transactions of the Texas Candyland business, for the purpose of evading the tax due under the revenue statutes, being the pertinent portions of H. B. 547, c. 73, Acts Regular Session of the 42d Leg. (1931); H. B. 578, c. 153, Acts Regular Session 43d Leg. (1933); H. B. 20, c. 90, Acts First Called Session 43d Leg. (1933); H. B. 67, c. 52, Acts Second Called Session of the 43d Leg. (1934); H. B. 755, c. 241, Acts of Regular Session of the 44th Leg., 1935 (Vernon's Ann.Civ.St. art. 7047c—1, Vernon's Ann. P.C. art. 131c—1).

In paragraph 11, attacked by appellant as being upon information and belief, it was alleged that because of the fraudulent acts, schemes, and devices alleged in the ten preceding paragraphs and sworn to as being true and correct, the state "believes" that appellant will continue to conceal his property and continue to sell and dispose of cigarettes in . the fraudulent manner theretofore practiced by him; and that appellant will dispose of the properties and assets used in his business, thereby jeopardizing or destroying the statutory tax lien on same unless a receiver were immediately appointed. In paragraph 12 the same inferences based upon the facts stated in paragraphs 1 to 10 were alleged, and it was further specifically alleged that appellant

"will" conceal or dispose of all properties known and unknown to the state and used in the Texas Candyland business, unless a receiver of such properties and business were immediately appointed.

From our analysis of the petition it clearly appears that it alleged specific facts of fraudulent transactions with regard to schemes, concealments, and artifices used by appellant to evade the taxing statutes; and that appellant fraudulently concealed the properties and assets of the Texas Candyland business, which were used in the prosecution of his cigarette business, and from which facts, alleged to be true and correct, it may be reasonably inferred or deduced that appellant would conceal or dispose of the properties so used and on which the statutes fixed a tax lien. The facts so alleged are not upon information and belief, but are reasonable inferences or deductions from the facts alleged to be true, although they relate to future acts of which the state could not have positive knowledge. Guthrie v. Speck (Tex.Civ. App.) 53 S.W.(2d) 318. The facts, inferences, and deductions so alleged to be true and correct clearly bring the instant case within the meaning of subdivision 4 of article 2293, R.S. 1925, which provides that a receiver may be appointed "in all other cases where receivers have heretofore been appointed by the usages of the court of equity." The state also showed itself to be in the position of a mortgagee, with right of foreclosure and to have a receiver of the mortgaged property appointed under the terms of subdivision 2 of said article 2293, which provide as follows: "In an action by a mortgagee for the foreclosure of his mortgage and sale of the mortgaged property, when it appears that the mortgaged property is in danger of being lost, removed or materially injured."

Under this subdivision of the article it is only necessary to allege facts from which it "appears" that the mortgaged property is about to be "lost, removed, etc." Obviously it reasonably appears from the facts above detailed with regard to the fraudulent concealment of the properties in suit, that appellant "will" in all probability conceal or dispose of the properties on which the state had its tax lien, unless a receiver were immediately appointed.

By its fifth and remaining contention, appellant insists that the court erred in appointing the receiver ex parte and without notice, because the order does not specifically describe the property which is to be taken, and is so worded that it vests in the receiver the duty of ascertaining the complex legal question as to whether the property to be taken by the receiver is used in intrastate, as distinguished from appellant's interstate cigarette business. The contention is not sustained. In paragraph 12 of the petition, the known intrastate properties were specifically described, item by item; and the petition further sought possession by the receiver of "all other assets not known to plaintiff but used in the prosecution of defendant's intrastate business." The court's order directed the receiver "to immediately possess the properties set out in said verified petition, together with any and all other assets used and employed by the defendant in the prosecution of his intrastate cigarette business, pending further orders of this court." Obviously, the receiver must determine what assets belong to the business of which he is receiver. The court necessarily determined the intrastate nature of the business of appellant and the properties used therein before he made the appointment of the receiver to take charge of the properties specifically described in the petition, as well as "all other assets" used in the prosecution of the business known as the Texas Candyland business of appellant. What these assets are must necessarily be determined by the receiver after he has obtained the books and records and other information. If it be appellant's contention in this connection that moneys, accounts, bills receivable, etc., are not assets covered by the receivership, then that question was decided against him by the Supreme Court in Ex parte Julius Klugsberg, 87 S.W.(2d) 465, 467, on October 30, 1935, wherein it is held in the instant case as follows: "Simply stated, relator contends that the above statute [Section 8, Cigarette Law (Vernon's Ann.Civ.St. art. 7047c—1, § 8), supra] does not operate to give the state a lien on money on hand and in bank and accounts receivable, even though such money and accounts were devoted to and used by him in his business as an intrastate cigarette distributor, and even though such properties were used by relator in carrying on such business. We overrule this contention. We think that the statute above quoted is amply sufficient to give the state a lien on the properties here involved to secure it in the payment of these taxes, if they were devoted to and used by relator in his intrastate business, or used in carrying on

such business." See, also, Ex parte Sam Kimberlin, 86 S.W.(2d) 717, decided by the Supreme Court on October 9, 1935.

The judgment of the trial court will be affirmed.

Affirmed.