### SCHELB et al. v. SPARENBERG et al.
### No. 13289.

Court of Civil Appeals of Texas. Fort Worth.

Dec. 20, 1935.

Marvin B. Simpson, Leo Brewster, and Harris Brewster, all of Fort Worth, for appellants.

Cantey, Hanger & McMahon, Gillis A. Johnson, M. Hendricks Brown, and Marvin H. Brown, Jr., all of Fort Worth, for appellees.

MARTIN, Justice.

Appellees instituted this suit, claiming as devisees under the will of their grandfather, H. J. Sparenberg, who died in 1902, in Howard county, Tex., leaving a will under the terms of which he undertook to dispose of the entire community estate of himself and his wife, Johanna Sparenberg. It bequeathed the entire estate to her for life, remainder to his three children, George H. Sparenberg, Elizabeth Schelb, and Charles Sparenberg, share and share alike, and providing that if any of said children die leaving issue, such children should share alike in the estate. It was alleged that one of the three, Charles, died without issue; and that the surviving wife, Johanna, accepted her life estate under the will rather than claim her community interest in the estate. It is alleged that the son Charles died without having married and with no issue. It is also alleged that the son George died before the death of Johanna, the mother, leaving two sons, who are the plaintiffs here and appellees in this court.

It is alleged that the mother, Johanna, at the advanced age of eighty-nine years became an inmate in the home of her daughter, Elizabeth Schelb, and her husband, P. J. Schelb, in Fort Worth, Tex., and after this time and up to the time of her death, it is charged that Schelb and wife, through fraud and the exercise of undue influence, procured from the aged woman large sums of money, some of which was invested in property in Fort Worth.

It was charged that Johanna Sparenberg died in the year 1933, leaving a will, by the terms of which she left the bulk of her property to Elizabeth Schelb and made her independent executrix of the estate; that said will was being contested in the county court of Tarrant county and the administration is still pending in said county court. The plaintiffs prayed for an accounting by the Schelbs, for partition, and for a decree fixing and declaring a trust in their favor upon the property situated in Tarrant county, and prayed for a receiver to take charge of the entire estate, and for a temporary injunction to prevent the defendants from selling or in any way encumbering the estate pend-

ing litigation of the respective rights of the parties.

The defendants answered by general exception, general denial, and by plea to the jurisdiction, and by plea in abatement.

On the 4th day of April, 1935, and upon a hearing before the court to show cause why a receiver should not be appointed and a temporary injunction issued against defendants, as prayed for in plaintiffs' petition, the pleas in abatement and to the jurisdiction of the court made by defendants were overruled, the application of plaintiffs for a receiver should be held in abeyance, that a continuation of the temporary restraining order and injunction before granted as against defendants, and each of them granted until final determination of the controversy and until further order of the court, and ordered, adjudged, and decreed that the defendants, appellants herein, were commanded and restrained from selling, disposing, or mortgaging or encumbering any of the property described in plaintiffs' petition, or from attempting to remove the same beyond the jurisdiction of the court; that the defendants Mrs. Elizabeth Schelb, individually and as independent executrix of the purported will of Johanna Sparenberg, file in the trial court a report of all receipts and disbursements with respect to the properties in her hands, and directing that if any opportunity arises which is thought to be advantageous to sell or dispose of any of said properties, that the matter may be presented to the trial court for its determination as to whether the above order should be modified to permit the same. To which order, judgment, and ruling of the court the defendants duly excepted and caused to be entered notice of appeal to the Court of Civil Appeals for the Second Supreme Judicial District of Texas, and within proper time executed and filed with the district clerk of Tarrant county, Tex., their bond and obligation as provided by law, and within proper time caused to be filed in this court a transcript of the proceedings and statement of facts adduced upon said hearing.

Embraced in the statement of facts and as a part thereof, counsel have the following agreement:

"It is further agreed that the only question presented at the trial court and in the Court of Civil Appeals is whether the trial court had jurisdiction to grant the injunctive relief by reason of the facts represented in the defendants' plea in abatement and their answer to the plaintiffs' application for temporary injunction."

In view of this agreement, we will confine our consideration to the question of jurisdiction alone. The question is whether the district court has jurisdiction or the county probate court has exclusive jurisdiction in the case.

We think the matter is ruled and settled by the decision of our Supreme Court in the case of Griggs v. Brewster, 122 Tex. 588, 601, 62 S.W.(2d) 980, and the authorities there cited in the able opinion of Chief Justice Cureton. It is expressly held that when questions of title are involved, where the case brings in question the construction of a will, the district court is a proper tribunal in which to adjudicate such questions.

The issues involved in this case could not be adjudicated in the county probate court.

In Tex.Jur. vol. 13, 611, the rule is stated as follows:

"It is well settled that the probate court has no jurisdiction to determine issues of title to real estate which may arise in the course of an administration. Such jurisdiction belongs to the District Court. This jurisdiction, however, must be invoked by an original proceeding, for on appeal or writ of certiorari the District Court can have no more jurisdiction than the probate court had in the first instance. The owner of a beneficial interest in real property may maintain an action in the District Court against the personal representative to establish his interest and to render it beneficial, although an administration be still pending. * * * Even when questions as to title to personal property arise during the course of an administration, the District Court is the more appropriate tribunal to determine them, at least when the amount involved is beyond the control of the county court. Some authorities, however, go no further than to state that the probate court is without jurisdiction to determine the title to personal property as between the heirs and the personal representatives."

Chief Justice Dunklin, of this court, stated the rule in the case of Johnson v. Coit, 48 S.W.(2d) 397, 401, in the following language:

"The county court had no jurisdiction to determine the issue of title as between the devisees and Mrs. Shannon claiming adversely to the devisees and contrary to the provisions of the will; nor did the executor have lawful authority to determine the issue of title involved in such a partition. The district court had exclusive jurisdiction to determine that issue and to make such a partition. Articles 6082, 6083; Mayo v. Tudor's Heirs, 74 Tex. 471, 12 S.W. 117."

Authorities are so numerous and the matter is so well settled in the decisions of our courts that we do not deem it necessary to discuss the matter further, but simply say that under the pleadings and proof in this case we hold that the district court of Tarrant county did not err in assuming and retaining jurisdiction of this case, and to grant such ancillary writs and make such orders as are contained in the record before us.

The judgment of the trial court is therefore affirmed.