**LINES et al. v. ROBINSON et al.**
No. 13365.

Court of Civil Appeals of Texas.
Fort Worth.
Jan. 24, 1936.

Rehearing Denied Feb. 28, 1936.

Dexter W. Scurlock, Alexander & Bird, and Frank J. Knapp, all of Fort Worth, for appellants.

Cantey, Hanger & McMahon, of Fort Worth, for appellees Sam Robinson and James Richardson.

Bryan, Stone, Wade & Agerton, of Fort Worth, for appellee Mrs. Jane Richardson.

MARTIN, Justice.

Mary W. Hicks died in July, 1933, and by, will left her property to her three sisters and two brothers and the children of one brother, who predeceased her, in equal shares of one-sixth each. The property consisted in the main, of a ranch known as the Hicks ranch in Tarrant county, Tex. The property, though very valuable, was rather heavily encumbered by mortgage and tax liens, amounting to more than $75,-000. Mrs. Hicks named her three sisters, Nancy Cagle, Ann Gerard Lines, and Jane Richardson, as joint independent executrices of her will, without bond, and by such will and a codicil gave them full and complete power to sell, mortgage, or otherwise encumber the estate, to renew the indebtedness, to extend the indebtedness owing to the estate—in short, giving them as broad and complete discretionary powers in the premises as the language is capable of expressing.

On July 25, 1933, the will and codicil were duly admitted to probate as her last will and testament by the county probate court of Tarrant county and the appraisers valued the estate at approximately $200,-000, encumbered by indebtedness, secured and unsecured, of approximately $90,000. The devisory language of the will is as follows:

"I devise and bequeath all of the estate and effects whatsoever and wheresoever, both real and personal, to which I may be entitled, or which I may have power to dispose of at my decease, absolutely unto my beloved sisters and brothers, Nancy McGlosson Cagle, Jane Syme Richardson, Ann Gerard Lines, Harry Walthall Robinson, Richardson Robertson Robinson, and Samuel Baker Robinson, and the issue then living of such of them as shall be then deceased leaving issue living at my death, and their respective heirs and assigns as tenants in common, in equal shares as between my said sisters and brothers, but so that the issue of any sister or brother of mine aforementioned so dying shall take equally between them only the share which their parent would have taken if living.

"But if any of my said brothers or sisters shall die without living issue and leaving his or her share or any part thereof undisposed of by him or her, then such share or any part undisposed of shall go to the other or others of my said brothers and sisters as shall then be living, and to the issue then living of any deceased brother or sister leaving issue then living, but so that such issue of any deceased brother or sister of mine aforementioned shall take equally between them."

The executrices qualified on the same day the will was probated and took possession of the estate, afterwards in due time filing the necessary inventory and appraisement of the estate. Mrs. Cagle and Mrs. Lines were living in other states at the

time of the death of Mrs. Hicks, but they came back to Texas, and, joining Mrs. Richardson, the three ladies moved into the ranch house, where they jointly conducted the business of the estate for quite awhile. They sold off most of the personal property, but retained for their own use, in the management of the estate, the family car, and retained in their employ, at the expense of the estate, a chauffeur to attend to and drive the same. They also withheld from sale the necessary household and kitchen furniture of the ranch, so that they could comfortably live there.

One of Mrs. Hicks' brothers, Harry Walthall Robinson, died before the death of Mrs. Hicks, leaving eight children, one of whom was a minor, Clare Jane Robinson, represented in this suit by her uncle, James Richardson, as guardian and next friend.

On June 21, 1935, Samuel Robinson and Clare Jane Robinson, by guardian and next friend, James L. Richardson, filed suit in the district court of Tarrant county, Ninety-Sixth district, against the three executrices, as such, and against them individually and against all other beneficiaries under the will of Mrs. Hicks. Material allegations of plaintiffs' petition are:

1. A count in trespass to try title.

2. Allegations of incompetency of the executrices and mismanagement of the estate.

3. Prayer for a receiver to take charge of the estate and administer it under orders of the court to the end that the debts be paid and the remainder be partitioned among the persons entitled to receive it.

4. Prayer for a judicial construction of the two paragraphs of the will above quoted, with special reference to the status of plaintiff Sam Robinson under said will and a declaratory judgment as to his rights, present and future, in the estate.

On the verified petition of plaintiffs, the court granted a "show cause" order, returnable June 28, 1935, and defendants were duly cited to appear.

Defendant, Mrs. Jane Richardson, answered, admitting, denying, and disclaiming knowledge as to certain allegations in the petition, but asserting that on account of irreconcilable conflicts and disagreements between herself and the other executrices, a receiver should be appointed, and she joined plaintiffs in the prayer for receivership. She also filed a cross-action against all other parties plaintiff and defendant, for construction of the will of Mrs. Hicks and for title to the property belonging to the estate.

Mrs. Cagle and Mrs. Lines, both individually and as independent executrices, filed, first, their plea to the jurisdiction of the district court to appoint a receiver and to hear and determine the matters in controversy in this suit, setting out that the probate court of Tarrant county, Tex., has exclusive jurisdiction of the cause, then, subject to said plea to the jurisdiction, filed a plea as to the nonjoinder of necessary parties, in that the creditors of said estate named in plaintiffs' petition were interested in said suit and necessary parties, and then, subject to said pleas, filed their answer, consisting of a general demurrer, some seventeen special exceptions, and a plea denying, admitting, and explaining various allegations set out in plaintiffs' petition.

On June 28, 1935, at 9 a. m., the district court first considered the plea of Mrs. Lines and Mrs. Cagle to the jurisdiction of said court, then the plea in abatement for nonjoinder of necessary parties, reserving its ruling on both until the conclusion of the evidence, and thereupon heard evidence on the necessity for the appointment of a receiver; and at the conclusion of the evidence, on July 13, 1935, entered its order overruling the plea to the jurisdiction, the plea in abatement, and appointing Brown Harwood receiver of the estate, with authority to carry on and conduct the business of said estate, to extend the indebtedness of said estate, to enter into negotiations for the sale of the 4,500-acre ranch, to sell sufficient property to pay the debts of the estate in order that the estate might be freed from debts and made available for distribution, requiring the independent executrices to turn over the estate to said receiver, enjoining them from interfering with the receiver, etc.

To such actions and rulings of the court the defendants, Mrs. Lines and Mrs. Cagle, individually and as independent executrices, then and there in open court objected and excepted and gave notice of appeal to this court.

In due time, on July 25, 1935, Mrs. Lines and Mrs. Cagle, as independent executrices, filed their appeal bond with the district clerk, which was duly approved by him, and on July 31, 1935, filed the transcript with the clerk of this court, and on August

2, 1935, filed the statement of facts with the clerk of said district court and with the clerk of this court, and thereby, as such independent executrices, perfected their appeal from the order appointing a receiver.

The appellants, Mrs. Cagle and Mrs. Lines, as independent executrices, are prosecuting this appeal on essentially two grounds:

First: That the district court had no jurisdiction to appoint a receiver over the estate of Mrs. Hicks; and

Second: Conceding that the district court had jurisdiction to appoint a receiver, no necessity whatsoever for the appointment of such receiver existed under the facts of this case.

### The Plea to the Jurisdiction.

It is earnestly insisted that the district court had no jurisdiction in this case, it being a probate matter within the exclusive jurisdiction of the county probate court, and that the questions involved should have all been adjudicated in that court. Appellees seek to sustain the jurisdiction of the district court primarily upon the grounds: (1) That it is a case involving title to real estate; (2) that it falls within the meaning of that clause of article 5, § 8 of the Constitution which provides that the district court has "original jurisdiction and general control over executors, administrators, guardians and minors under such regulations as may be prescribed by law." Constitution 1876, as amended in 1891, art. 5 § 8.

Quite early in our judicial history, our appellate courts recognized the fact that a probate court in the administration of estates did not have the broad powers necessary to determine all questions that might arise in the course of administration and as the Constitution vested jurisdiction in the district courts "on all causes of action whatever for which a remedy or jurisdiction is not provided by law or this Constitution," their holdings have been uniformly that when such questions arise they are properly within the jurisdiction of the district court. Long v. Wortham, 4 Tex. 381; Purvis v. Sherrod, 12 Tex. 140; Howze v. Howze, 14 Tex. 232; Little v. Birdwell, 21 Tex. 597, 73 Am.Dec. 242. As illustrative of the general jurisdiction of the district court, the following language was used by the court in passing on the case of Houston Heights Water & Light Ass'n v. Gerlach (Tex.Civ.App.) 216 S.W. 634, 637: "In the judicial system of this state the district court is made the reservoir of equity jurisdiction and given the power to exercise that jurisdiction for the protection of the rights of the citizens in all cases in which such rights are invaded, and no other court in this state has the power to give adequate protection against such invasion. The exercise of this jurisdiction by the district court cannot be regarded as an encroachment upon the jurisdiction of other courts, even where it prevents such courts from proceeding with the trial of cases within their jurisdiction. The exclusive jurisdiction given a justice court in certain classes of cases was not intended to limit or restrict the equity jurisdiction of the district court to give relief against wrong and injustice when the justice court does not possess adequate power to grant such relief."

It has recently been held by this court that where a question of title or a question of construction of a will is involved, the district court has jurisdiction. Schelb v. Sparenberg (Tex.Civ.App.) 89 S.W.(2d) 1062, following Griggs v. Brewster, 122 Tex. 588, 62 S.W.(2d) 980, and quoting from the opinion of Chief Justice Dunklin in Johnson v. Coit (Tex.Civ.App.) 48 S.W.(2d) 397. It seems to be well settled that the litigant who fails to find a tribunal where his rights may be determined anywhere else may safely depend upon the district court, where his equities may be determined and adjusted.

Applying these principles to the case at bar, we may analyze the situation as presented by the record before us as follows:

Sam Robinson, a brother of the testatrix, Mrs. Hicks, was named in her will as one of her legatees. Up to the present time it has been impossible for him to know just what, if anything, he has gotten by virtue of this will. If it takes all of the estate to pay the debts, he will have nothing, of course, but if the estate is really worth $200,000 and the debts amount to $76,000, then he naturally feels that there will be a considerable equity there in which he has an undivided one-sixth interest. He feels that it is dangerous to prolong the administration; foreclosure may result at any time on past-due debts. He finds that the land can be sold for more than enough to pay the debts, but the three executrices will not agree to sell at the price offered, so he asks a court of equity

to determine his rights in the premises and in the meantime to take charge of the estate by a receivership, sell enough of it to pay the debts and partition the remainder to those who are entitled to receive it.

We cannot imagine a case where the equity powers of the court could be more logically or more properly invoked. We therefore hold that the trial court was correct in overruling pleas to the jurisdiction in this case.

### The Question of Receivership.

No findings of fact and conclusions of law were requested and none were filed by the trial court. The judgment must therefore, under the well-known rules of appellate courts in Texas, be permitted to stand if there is any evidence in the record to support it. We will not pretend that we have read all the statement of facts in the case. It is embraced in two volumes and contains 716 pages of typewritten matter. But we have read excerpts to verify quotations of counsel in their briefs, and from these we find that the plaintiffs introduced substantial testimony in support of the allegations in their pleadings. Its weight was determined by the trial judge, a jury being waived, and this duty was peculiarly his, not ours, to perform. Having sustained the allegations of the complaining parties, the trial court appointed a receiver to collect and conserve the property; to sell at the best price obtainable, enough of it to pay off the debts, with the approval of the court. Of course this judgment has the effect of suspending the administration under the will, but it is to be presumed, and we do presume that the administration of the estate, under the orders of the trial court and its receiver, will not do violence to the dictates of the will of the deceased. It must be presumed that the testatrix intended that these debts would be paid and the estate distributed within a reasonable time after her decease. Jones v. Hext (Tex.Civ.App.) 67 S.W.(2d) 441. In this case the Amarillo Court of Appeals held that a will very similar to this one impliedly directed a sale of real estate within a reasonable time in order to pay off certain legacies.

The judgment of the trial court appointing a receiver may not be successfully attacked unless it be clearly shown that such action was an abuse of discretion. It is ancillary to the main case. 36 Tex.Jur.

84, id. pp. 147, 148. It will be seen from an examination of these citations and the cases there cited that this court must indulge the presumption that the receivership was proper.

It seems that the trial court did not specifically interpret the provisions of the will, sought to be interpreted in the petition of Sam Robinson and his co-plaintiffs. So we presume the court reserved that element of the case for determination at the close of the litigation, when it may be definitely known what the estate is and the relative rights of the parties. As this matter is not before us as a matter of appeal, any opinion we might express on the subject would be obiter dicta, or, worse than obiter, mere idle comment.

Finding no good reason to disturb the judgment of the trial court, it is here affirmed.