## HAYDEN et al. v. MIDDLETON et al.

### No. 3565.

Court of Civil Appeals of Texas. Beaumont.

Dec. 12, 1939.

Rehearing Denied Jan. 3, 1940.

Dallas Ivey, of Center, for appellants.

282

Davis & Avery and Sanders & McLeroy, all of Center, for appellees.

WALKER, Chief Justice.

Wm. Humphries died the 16th day of October, 1915. On the 30th day of June, 1938, S. W. Davis filed in due form in the probate court of Shelby county his application to have probated as the last will and testament of the deceased the following instrument:

"I, Wm. Humphries, of the town of Center, County of Shelby and State of Texas, being of sound mind and memory, do make and declare this to be my last will and testament, to-wit:

· "First—All my just debts and funeral expenses shall be first fully paid.

"Second—I give, devise and bequeath all the rest, residue and remainder of my estate, both real and personal to my beloved wife, Ellen Humphries, to have and to hold to her, my said wife, as long as she is my widow.

"Third—I nominate and appoint my said wife, Ellen Humphries to be the executor of this my last will and testament."

This instrument was signed by Wm. Humphries, by his mark, and attested by J. J. Rushing and W. J. Burroughs. Davis held certain real estate belonging to the estate of Wm. Humphries, decd., under and through Mrs. Ellen Humphries, decd., on the theory that the last will and testament of Wm. Humphries, decd., vested her with a fee simple title to the land claimed by him. The will was offered by Davis for probate as a muniment of title, and as a link in his chain of title; he plead that he had exercised due diligence in presenting the will for probate. ·The regular county judge was disqualified, which fact was duly certified to the governor and, on that certificate on the 7th day of July, 1938, the governor appointed Hon. E. B. Lewis special judge "to try and determine the cause." Citation was by posting. On the 11th day of July, 1938, judgment was duly rendered and entered, admitting the will to probate.

On the 23rd day of August, 1938, appellant, Mrs. Emma Hayden, et al., alleging that they were heirs at law of Wm. Humphries, decd., filed their petition for certiorari against the judgment of probate as rendered and entered by the probate court. For cause of action, they alleged that certain of the appellants were nonresidents of the state of Texas; that the citation in the probate proceedings was irregular in that the applicant knew that certain of the heirs of Wm. Humphries, decd., were nonresidents of the state of Texas, and that citation should have been by publication and not by posting; that the appointment of Hon. E. B. Lewis as special judge was irregular and that his judgment was void; that the judgment of probate was entered in vacation and not at a regular term of the court and that the judgment by the special judge in vacation was void; that the will was offered for probate 22 years, 8 months and 14 days after the death· of the testator, and Davis was in default in not offering it for probate within four years from the death of the testator, as provided by Arts. 3325 and 3326, R.C.S. 1925, Vernon's Ann.Civ.St. arts. 3325, 3326. Appellants prayed that the will of Wm. Humphries, decd., as probated by the county court, be declared "to be void and of no effect," and further: "In the event that the court should find said will to be valid, but in that event only, then plaintiffs pray that the legal effect of said alleged will be construed by this court, as it is written to convey to Ellen Humphries only an estate in this land during the time that she was a widow of Wm. Humphries, and not an absolute fee title, and that the deeds from Ellen Humphries to S. W. Davis and Drew Middleton insofar as they attempt to convey any title by virtue of said· alleged will of Wm. Humphries be adjudged void, for costs of suit, and for such relief, general, special, in law and in equity, as plaintiffs may be justly entitled to."

On trial to the court without a jury, on the 21st day of November, 1938, judgment was entered in the district court on appellants' petition for certiorari that they "take nothing by such certiorari proceedings as against plaintiffs"—the "plaintiffs" being the appellees herein; that the will, as tendered for probate by W. S. Davis in the county court of Shelby county, be probated "as the last will of the said Wm. Humphries, deceased," and: "It is further ordered, adjudged and decreed by the court, in response to the prayer of the plaintiffs for construction of said will, that said will be, and the same is hereby constructed to have vested a full, complete and fee simple· title and estate in Mrs. Ellen Humphries, the last wife of Wm. Humphries, deceased, of all the real and personal property of Wm. Humphries, which he had at the date of his death, subject only to have been divested and being terminable only upon the re-marriage of the said Mrs. Ellen Humphries after the death of said Wm. Humphries, a condition and/or

contingency, however, which actually never occurred, the said Mrs. Ellen Humphries having died after Wm. Humphries without ever having re-married."

From the judgment of the district court appellants have regularly prosecuted their appeal to this court.

■ We overrule all assignments of error against the citation, the certificate of disqualification of the county judge, the appointment of the special judge, and the judgment of the probate court admitting the will to probate. By the petition for certiorari, all proceedings in the probate court were abated, and the cause of action for probate of the last will and testament of Wm. Humphries, decd., was removed to the district court for trial on its merits, and not for trial for reversal and remand to the probate court. It is provided by Art. 939, R.S.1925, that: "The cause shall be tried de novo in the district court." The evidence satisfactorily supports the judgment of the district court admitting to probate as the last will and testament of Wm. Humphries, decd., the instrument in issue.

■ The evidence supports the court's conclusion that S. W. Davis was not in default in failing to present for probate the last will and testament of Wm. Humphries, decd., within four years from his death. He testified: "I made the application to probate the will of Wm. Humphries. I knew him for years. He died in Shelby County, on the 16th day of October, 1915. He had lived here for years. On January 4, 1935, Ellen Humphries sold me forty-two acres of the land involved under this will. She died afterward. I would say that it was necessary to probate that will as a muniment of title. Most of the other children of Wm. Humphries and Ellen Humphries signed my deed. Ellen Humphries died on March 19, 1936, in Shelby County without ever having remarried. I never knew anything about the existence of that will till shortly before I made application to have it probated. I did not know anything about any claim of the first set of children of Wm. Humphries to the land that I bought, or the existence of the first set of children. We offered that will for probate as soon as we found it."

Under authority of Eubanks v. Jackson, Tex.Civ.App., 280 S.W. 243, the testimony of S. W. Davis supports his right to probate the will after the expiration of four years from the death of the testator. It is not necessary for us to rest the judgment of the lower court upon appellees' counter proposition that the court had jurisdiction to probate the will simply as a muniment of title without regard to the lapse of time; on this counter proposition appellees cited 44 Tex.Jur. 780, Wills, § 213; Ryan v. Texas & P. R. Co., 64 Tex. 239; St. Mary's Orphan Asylum of Texas v. Masterson, 57 Tex.Civ.App. 646, 122 S.W. 587; Howley v. Sweeney, Tex.Civ.App., 288 S.W. 602.

Since by the certiorari proceedings all parties interested in the estate were before the court by petition and answer, and the trial was without error, the judgment of the district court, admitting the will to probate, is affirmed.

■ The judgment of the district court is void in so far as it purports to construe the last will and testament of Wm. Humphries, decd. Though the district court has jurisdiction to construe wills, 44 Tex.Jur. 764, Wills, § 195; Howze v. Howze, 14 Tex. 232; Purvis v. Sherrod, 12 Tex. 140; Jackson v. Templin, Tex.Com.App., 66 S.W.2d 666, 92 A.L.R. 873; Shindler v. Cooke, Tex.Civ.App., 90 S.W.2d 292; Thornton v. Zea, Tex.Civ.App., 39 S.W. 595, subsequent appeal 22 Tex.Civ.App. 509, 55 S.W. 798; Crosson v. Dwyer, 9 Civ.App. 482, 30 S.W. 929, its jurisdiction in certiorari proceedings from the probate court is confined to the grounds of error specified in the application for the writ; that is, to a trial de novo of the issues made by the pleadings in the probate court to the extent that error is assigned thereto in application for the writ. Art. 939, supra. The probate court is without jurisdiction to construe wills. Prather v. McClelland, 76 Tex. 574, 13 S.W. 543; Brown v. Burke, Tex.Civ.App., 26 S.W.2d 415; Clements v. Maury, 50 Tex.Civ.App. 158, 110 S.W. 185. Therefore, the district court could not acquire jurisdiction of that issue in a certiorari proceeding. In the case at bar, the pleadings in the probate court did not invoke a construction of the will, and for that reason, under Art. 939, supra, appellants could not make that point an issue in their application for the writ; however, it is immaterial whether or not the issue was made in probate court.

The judgment of the lower court should be reformed by striking therefrom the adjudication of the construction of the last will and testament of Wm. Humphries, decd., and as so reformed it should be affirmed. It is accordingly so ordered.

Reformed and affirmed.