**STRATEGIC MINERALS CORPORATION OF AMERICA et al., Appellants,**

v.

**Fagan DICKSON et al., Appellees.**

**No. 10608.**

Court of Civil Appeals of Texas.

Austin.

Jan. 28, 1959.

Rehearing Denied Feb. 18, 1959.

F. L. Kuykendall, Austin, for appellants.

Fagan Dickson, Austin, for appellees.

HUGHES, Justice.

This is an appeal from an interlocutory order appointing the Honorable Harry S. Pollard receiver for the American Guaranty Underwriters, Inc., a dissolved corporation, with authority

"to take possession of, make demand for and receive into his possession all property, deposits and any other matter to which said dissolved corporation is entitled. Said receiver shall further take over the management of all and any litigations affecting the rights or assets of said dissolved corporation and he shall also seek the payment of any other claims or debts to which said dissolved corporation may be entitled."

The appointment of such receiver was at the behest of appellees Fagan Dickson, W. H. Bullard and Charles Krueger, minority stockholders in the dissolved corporation for which the receiver was appointed.

Named as defendants in the receivership application were Strategic Minerals Corporation of America, John Broadhead and appellants Dr. Carl J. Wieland, Jack Warden, I. A. Sheffield, Roy Hogan, Henry Majefski and J. Frank Smith.

All of the named defendants, except Strategic, constituted all of the officers and directors of American Guaranty Underwriters, Inc. at the time of its dissolution on April 15, 1958.

█ In an appeal from an interlocutory order appointing a receiver it is our duty to indulge every reasonable presumption in support of such order and to affirm it unless a clear abuse of discretion by the trial court is shown. 36 Tex.Jur., Receivers, Secs. 39, 69–71; Jones v. Springer, Tex.Civ.App., Amarillo, 256 S.W.2d 1016; Lines v. Robinson, Tex.Civ.App. Fort Worth, 91 S.W.2d 1108.

█ It is also our duty in such an appeal to refrain from commenting upon the merits of the controversy to which the receivership is ancillary except as may be required to dispose of the appeal. 36 Tex.Jur., Receivers, Sec. 68; Jones v. Springer, Lines v. Robinson, supra.

Appellants' first three points are briefed together and are to the effect that the trial court was without power to appoint a receiver for American Guaranty Underwriters, Inc. since it was not made a party to the suit and appellants were sued only as individuals and that appellees had no right to bring this suit for themselves or other stockholders and that they had an adequate remedy at law. These points are all overruled.

It was not contended below and the point is made here for the first time that appellants were sued as individuals only and not as statutory trustees for the dissolved corporation. Appellees alleged them to be "officers and/or directors" of the dissolved corporation and their petition did not charge appellants with malfeasance as a

basis for establishing their personal liability and no personal judgment against them was sought.

We also note that appellants described themselves as "statutory trustees of American Guaranty Underwriters, Inc." in their application for supersedeas herein and that in a cross action which they filed against appellees they alleged that they were being harassed by the filing of appellees' suit "in their officials capacities as members of the Board of Directors of American Guaranty Underwriters, Inc." Similar admissions were made in the prayer of such cross action.

Art. 1388, Vernon's Ann.Civ.St., provides, in part that the president and directors of a dissolved corporation shall be trustees of its creditors and stockholders and may maintain and defend judicial proceedings in settling the affairs of the corporation.

█ If the matter under discussion had been called to the attention of appellees in the court below it could have been easily corrected by a trial amendment. Considering this and the fact that appellants have construed the pleadings as properly suing themselves as trustees of the dissolved corporation we believe that such construction, reasonable in our opinion, should be adopted by us.

In their petition herein appellees allege that among the assets of the dissolved corporation are three promissory notes the principal one being for $35,000 executed by Strategic Minerals Corporation. As to these notes it was alleged that the Board of Directors and a majority of the stockholders, not including appellees, had refused to attempt their collection. Appellees, in their petition, declared upon the Strategic note and prayed that they be "given judgment for themselves and all other stockholders of American Guaranty Underwriters, Inc." for the amount due thereon and the receiver, whose appointment was sought, was requested to take over the prosecution of such suit.

■ In urging that appellees had and have an adequate legal remedy appellants say that they could have filed suit on the note or notes in the name of the dissolved corporation, citing as authority Barthold v. Thomas, Tex.Com.App., 210 S.W. 506, and Stinnett v. Paramount-Famous Lasky Corporation, Tex.ComApp., 37 S.W.2d 145. Neither of these cases involved a dissolved corporation and we need not discuss them further because, in our opinion, the conceded right of appellees to sue directly on the note or notes in the name of the corporation does not supplant their right to the appointment of a receiver for such purpose in a proper case, which we hold this to be. For this reason and because the receiver is, by appellees, requested to take over and prosecute the suit against Strategic we do not further discuss the right of appellees to sue Strategic and recover in their capacities and in their names as minority stockholders only.

Appellants' fourth through eighth points are jointly briefed and will be so discussed. These points present as binding and conclusive on appellees the separate action of the Board of Directors and a majority of the stockholders of American Guaranty Underwriters, Inc. in determining and finding that Strategic as maker of the $35,000 note and the makers of the other two notes herein referred to were not liable on such notes and that American Underwriters was not entitled to recover thereon.

The facts relevant to such action by the Board of Directors and majority stockholders of American Underwriters as well as the law applicable thereto are defensive matters in suits brought or to be brought on such notes. The Trial Court did not decide these matters and as indicated above and as we understand the law such questions relating solely to the trial on such suits on their merits are not now before us and should not now be unduly commented upon by us. The Court said in

Lines v. Robinson, supra [91 S.W.2d 1112], a receivership appeal, in making a similar ruling "As this matter is not before us as a matter of appeal, any opinion we might express on the subject would be obiter dicta, or, worse than obiter, mere idle comment."

Art. 2293, V.A.C.S., [1] provides in part that a receiver may be appointed by any judge of a court of competent jurisdiction in cases where a corporation "has been dissolved."

Art. 2319, V.A.C.S., provides, in general, that in matters relating to the appointment of receivers the rules of equity shall govern when not inconsistent with the provisions of Ch. 13, Title 42 (Courts—Practice in District and County) or the general laws of the State.

Appellees cite Hogsett v. Dallas Mortgage Securities Co., Tex.Civ.App., Dallas, 110 S.W.2d 135, writ dismissed, as authority for the appointment of a receiver for a dissolved corporation upon the mere showing that it has assets.

Appellants contend that under Art. 2319, supra, the applicable rules of equity must govern.

We consider Hogsett as authority for the holding for which it is cited and we are not disposed to disagree with it.

We also are of the view that under appropriate equitable principles the appointment of a receiver herein was proper.

■ Prima facie, at least, there were valuable assets of the dissolved corporation which its Board of Directors and a majority of its stockholders had abandoned as worthless. Conceding, as appellants assert, that appellees could have sued on these notes in the name of the corporation this remedy was inadequate because *appellees did not have possession of the notes.* It was, in our opinion, necessary or at least within the sound discretion of the Trial

1. It is not contended by any party hereto that the Texas Business Corporation Act of 1955, Vol. 3A, V.A.T.S., has any application to this suit.

Court to appoint a receiver to recover possession of these notes in order that suits thereon, if prosecuted, might be expeditiously tried.

Appellants' last point is that the Trial Court erred in admitting in evidence over their objections a report prepared by Mr. Jim Tom Barton, a certified public accountant.

This report is described by appellants as "Special Report No. 1, Report Upon Special Investigation of Certain Accounts for the Period May 14, 1954 to July 31, 1955." Neither it nor its contents are otherwise described or revealed. It is obvious that such point presents nothing for review.

Believing that the Trial Court did not abuse his discretion in the appointment of a receiver for American Guaranty Underwriters, Inc., a dissolved corporation, such order of appointment is affirmed.

Affirmed.