**GREATER FORT WORTH and Tarrant County Community Action Agency**

v.

**George MIMS.**

**No. 18027.**

Court of Civil Appeals of Texas, Fort Worth.

Nov. 30, 1978.

Rehearing Denied Dec. 28, 1978.

Robert S. Williams, Fort Worth, for appellant.

Salvant, White & Fleming, and Donald J. Fleming, Fort Worth, for appellee.

## OPINION

SPURLOCK, Justice.

A nonprofit corporation appeals from a trial court order placing its board of directors in receivership under Art. 1396–7.05 *.

We affirm.

The Greater Fort Worth and Tarrant County Community Action Agency is a Texas nonprofit corporation. Its purpose is to assist the indigent citizens of Tarrant County, Texas. When this controversy began, George Mims was the agency's executive director. The agency's board of directors held a meeting and voted to terminate Mims' employment. Mims refused to relinquish his position claiming the action of the board violated the agency's bylaws.

The agency sued Mims to enjoin him from acting as the executive director. The trial court issued a temporary restraining order restraining Mims from acting as executive director and from going on the agency's premises. After a nonjury hearing, the

* All statutory references are to Tex.Rev.Civ.Stat.Ann.

court issued a temporary order enjoining Mims from acting as the director and from going on the agency's place of business. Mims did not appeal the temporary injunction.

Although neither party pled or otherwise requested a receiver be appointed, the trial court in its temporary order placed the agency's board of directors in receivership. A receiver was appointed to conduct meetings to fill vacancies on the board of directors to bring its membership in compliance with the bylaws, and then to elect agency officers which would decide whether Mims should be terminated or retained.

The agency appealed from the order appointing a receiver. Its points of error present three basic contentions.

The agency's first contention is the appointment was error because it was made by the court on its own motion.

█ This was not error because a trial court has the discretion to appoint a receiver on its own motion. *Crawford v. Crawford,* 163 S.W. 115 (Tex.Civ.App.—Texarkana 1913, no writ).

The agency's second contention is the appointment was error because Mims lacked standing to request it. Mims concedes that he is a mere employee and not a shareholder-member of the agency or member of the board except he is an ex officio member entitled to vote by virtue of his office. Therefore, we can assume, without deciding, that he would not have standing to complain about procedural irregularities in the board's management of the agency. However, since the trial court had the discretion (and used it) to make the appointment on its own motion, no error is shown.

The agency's third contention is the appointment was error because there is no evidence which supports the appointment under any statutory or common law scheme of receiverships. Implicit in the agency's argument is the complaint that the trial court abused its discretion in making the appointment because it is unauthorized. The appointment was made pursuant to Art. 1396–7.05 * which provides in part as follows:

"A. A receiver may be appointed for the assets and business of a corporation by the district court for the county in which the registered office of the corporation is located, whenever circumstances exist deemed by the court to require the appointment of a receiver to conserve the assets and affairs of the corporation and to avoid damage to the parties at interest, but only if all other requirements of law are complied with and if all other remedies available either at law or in equity, including the appointment of a receiver for specific assets of the corporation, are determined by the court to be inadequate, and only in the following instances:

"(1) In an action by a member when it is established:

"(a) That the corporation is insolvent or in imminent danger of insolvency; or

"(b) That the directors are deadlocked in the management of the corporate affairs and the members are unable to break the deadlock, and that irreparable injury to the corporation is being suffered or is threatened by reason thereof; or

"(c) That the acts of the directors or those in control of the corporation are illegal, oppressive or fraudulent; or

"(d) That the corporate assets are being misapplied or wasted.

"(2) In an action by a creditor when it is established:

"(a) That the corporation is insolvent and that the claim of the creditor has been reduced to judgment and an execution thereon returned unsatisfied; or

"(b) That the corporation is insolvent and the corporation has admitted in writing that the claim of the creditor is due and owing.

"(3) In any other actions where receivers have heretofore been appointed by the usages of the court of equity."

The agency claims there is no evidence which authorizes the appointment under this article. Mims concedes that neither subsection (1) or (2) apply to this case.

However, he claims subsection (3) authorizes the appointment. We agree.

Subsection (3) authorizes appointments of receivers in any action where receivers have heretofore been appointed by courts of equity. The agency states that it has found no case where a receiver has been appointed under the same or similar circumstances. The agency would have us reverse because no case authority has been found. This we decline to do.

■ The agency would read the "heretofore been appointed" language of the subsection as requiring prior case authority before it authorizes an appointment. This construction is too narrow. We construe it as invoking the trial court's common law equity powers and authorizing an appointment under circumstances where the appointment would be proper at common law. The propriety of an appointment should not depend on whether another court had appointed a receiver under the same or similar circumstances.

The Tex.Bus.Corp. Act Ann. art. 7.05 (Supp.1978), governing profit making corporations is virtually identical to Art. 1396–7.-05 *. Art. 1396–7.05 * has been construed as authorizing the appointment of a receiver whenever the circumstances are deemed by the court to require it. *King Commodity Company of Texas, Inc. v. State,* 508 S.W.2d 439 (Tex.Civ.App.—Dallas 1974, no writ). In essence this construed the article as applying common law equity principles. It would indeed be anomalous for us to construe Art. 1396–7.05 * to preclude application of the same principles.

■ We recognize that, at common law, receivership is a drastic remedy and the appointment of a receiver will be reversed where no evidence supports it. *Zanes v. Lyons,* 36 S.W.2d 544 (Tex.Civ.App.—Dallas 1931, no writ). Where the trial court appoints a receiver it is presumed the court acted fairly and according to law, and that proper and sufficient grounds existed. *Scott v. Sampson,* 333 S.W.2d 220 (Tex.Civ.App.—Fort Worth 1960, writ ref'd n. r. e.). This is especially

the case where the court made the appointment on its own motion. Since receivership is an equitable remedy within the sound discretion of the trial court, an appointment will not be disturbed on appeal unless the record reveals a clear abuse of discretion. *Strategic Minerals Corp. of America v. Dickson,* 320 S.W.2d 882 (Tex.Civ.App.—Austin 1959, writ ref'd n. r. e.).

We find that the evidence in the case presented the trial court with the following situation. The agency invoked the equity jurisdiction of the court by seeking an injunction. The agency is a nonprofit corporation formed under federal guidelines. It is funded with federal tax dollars and is thus entrusted with public funds to assist the indigent. The agency concedes that, although its bylaws require a minimum of 42 directors, it had only 32 directors at the time in question. Therefore, the agency was acting in violation of its bylaws. There was also an indication that persons were voting at the meetings of the directors who were not directors. As previously noted Mims appears to lack standing to complain of his termination. There is also evidence that the unresolved controversy over Mims' status created confusion within the agency.

Faced with this situation the trial court appointed a receiver to reconstitute the membership of the board of directors and resolve the question of Mims' termination. In applying Texas law the court in *Meis v. Sanitas Service Corporation,* 511 F.2d 655, 658 (5th Cir. 1975) quoted the rule which upholds the action of the trial court. "The essence of equity jurisdiction has been the power of the Chancellor to do equity and to mould each decree to the necessities of the particular case. Flexibility rather than rigidity has distinguished it. The qualities of mercy and practicality have made equity the instrument for nice adjustment and reconciliation between the public interest and private needs as well as between competing private claims."

■ We find that the action of the trial court is the precise use rather than abuse of discretion which equity demands. Certainly no harm or abuse has been shown by the

fashioning of a remedy bringing the agency into compliance with its bylaws and settles the underlying dispute at the same time.

All points of error presented in complaint of the trial court's order have been considered and each is overruled. The order of the trial court is affirmed.