**Hector TREVINO, et al., Appellants,**

v.

**STARR COUNTY, Texas, & Great Basins Petroleum Company, Appellees.**

No. 04–81–00317–CV.

Court of Appeals of Texas, San Antonio.

Oct. 5, 1983.

Richard F. Gutierrez, Del Rio, for appellants.

Frank R. Nye, Jr., Rio Grande City, Abelardo Garza, San Diego, Roberto J. Yzaguirre, Juan Rocha, Jr., McAllen, for appellees.

Before ESQUIVEL, BUTTS and REEVES, JJ.

OPINION

REEVES, Justice.

On motion for rehearing our former opinion is withdrawn and the following is substituted.

This is an appeal from an interlocutory order appointing a receiver in a suit brought by Starr County for the collection of delinquent *ad valorem* taxes, for foreclosure of its tax liens on the subject property, and for partition pursuant to Act of March 17, 1950, ch. 34, § 1, 1950 Tex.Gen. Laws, 1st Called Sess. 97, *repealed by* Property Tax Code, ch. 841, § 6(a)(1), 1979 Tex.Gen. Laws 2217, 2329 (formerly TEX.REV.CIV. STAT.ANN. art. 7345e). The lands involved are three large tracts, described as Porciones 63, 64, and 65, Mier Jurisdiction, Starr County, Texas, containing approximately 4800 acres. Starr County also petitioned for the appointment of a receiver for the purpose of the execution of an oil and

gas lease or leases covering the entire mineral estate of the subject lands and for the management of the proceeds therefrom. Appellants are eight of the more than one thousand defendants named in the County's petition. Appellants have answered and appeared.

The County suggested in its petition that a receivership would allow a fund to be established for the benefit of the true owners of the Porciones and also "to offset the costs of court which will be and have been generated" in this suit. It went on to contend that the County "will be assured of recovering the costs out of such fund and will, therefore, be able to more vigorously prosecute these suits to resolution without fear of loss of revenue from the General Fund."

A hearing was held on the motion for the appointment of a receiver. Starr County presented evidence of the efforts it had made to locate the owners of the subject lands and evidence that there was danger of potential drainage of the oil and gas from the subject lands due to drilling on adjacent lands. On September 3, 1981, the court signed an order appointing Lino Perez receiver. The receiver was ordered to negotiate an oil and gas lease with Great Basins Petroleum Company, an intervenor, on behalf of the persons ultimately determined to be the true owners of the minerals of the subject lands, with terms of the lease subject to final approval by the court. The monies received by the receiver were first to be used for payment of court costs incurred in connection with the pending litigation, with the balance to be distributed to the true mineral owners as they are finally determined by the court.

Appellants contend that there exists no statutory authority and no basis in equity to support the appointment of the receiver. Starr County contends the requisite authority is in TEX.REV.CIV.STAT.ANN. arts. 2320b (Vernon 1971 and Supp.1982–1983) and 2293 (Vernon 1971). We note first that Article 2320b has no application to this litigation. That article applies to actions filed by any person, firm or corporation, having, claiming or owning an undivided mineral interest, or an undivided leasehold interest granted under a mineral lease, covering any tract of land in Texas. Starr County does not claim or own any such interest in the subject tracts. As it states in its brief, one reason the suit was brought was to determine who the true mineral owners are.

Article 2293, as it has possible application to this case, reads as follows:

Receivers may be appointed by any judge of a court of competent jurisdiction of this State, in the following cases:

1. In an action by a vendor to vacate a fraudulent purchase of property; *or by a creditor to subject any property or fund to his claim;* or between partners or others jointly owning or interested in any property or fund, on the application of the plaintiff or any party whose right to or interest in the property or fund or the proceeds thereof is probable, and where it is shown that the property or fund is in danger of being lost, removed or materially injured.

2. In an action by a mortgagee for the foreclosure of his mortgage and sale of the mortgaged property, when it appears that the mortgaged property is in danger of being lost, removed or materially injured; or that the condition of the mortgage has not been performed and the property is probably insufficient to discharge the mortgage debt.

\* \* \* \* \* \*

4. In all other cases where receivers have heretofore been appointed by the usages of the court of equity. (Emphasis supplied.)

The emphasized phrase was given a definitive construction by our Supreme Court nearly a century ago. The Court held that the phrase is "limited to some particular fund or property belonging to a debtor upon which the creditor has a *specific lien.*" (Emphasis supplied.) *Carter v. Hightower,* 79 Tex. 135, 15 S.W. 223, 224 (1890). *Accord Pelton v. First National Bank of Angleton,* 400 S.W.2d 398, 400 (Tex.Civ.App.— Houston 1966, no writ).

Both the Constitution and the statutes in effect at the time the judgment in this case was signed provide for the attachment of a lien upon real property to secure the payment of the taxes assessed against it. TEX. CONST. art. VIII, § 15; Act of June 17, 1967, ch. 69, § 1, 1967 Tex.Gen.Laws 1814, *repealed by* Property Tax Code, ch. 841, § 6(a)(1), 1979 Tex.Gen.Laws 2217, 2329 (formerly TEX.REV.CIV.STAT.ANN. art. 7172). Real property is defined to include the minerals in and under the land. Act of May 17, 1979, ch. 220, § 1, 1979 Tex.Gen.Laws 479, *repealed by* Property Tax Code, ch. 841, § 6(a)(1), 1979 Tex.Gen. Laws 2217, 2329 (formerly TEX.REV.CIV. STAT.ANN. art. 7146). Thus, upon proper assessment, a lien may be impressed upon the minerals in and under the lands in Porciones 63, 64, and 65 in favor of Starr County, the taxing authority. However, in order for the County to assume the status of secured creditor in a delinquent tax suit, a showing must be made that taxes have been assessed against the property sought to be placed in receivership, and that those taxes are unpaid. A *prima facie* case of a county's claim can be made by the introduction of properly certified copies of its delinquent tax records. *Duval County Ranch Co. v. State,* 587 S.W.2d 436, 442 (Tex.Civ. App.—San Antonio 1979, writ ref'd n.r.e.) *cert. denied* 449 U.S. 1077, 101 S.Ct. 856, 66 L.Ed.2d 800; *Stratton v. Del Valle Independent School District,* 547 S.W.2d 727, 728 (Tex.Civ.App.—Austin 1977, no writ); *Whaley v. Nocona Independent School District,* 339 S.W.2d 265, 267 (Tex.Civ.App.— Fort Worth 1960, writ ref'd). Properly authenticated notices of tax liens may also be sufficient. *Airline Commerce Bank v. Commercial Credit Corp.,* 531 S.W.2d 171, 174 (Tex.Civ.App.—Houston [14th] Dist.1975, writ ref'd n.r.e.). Starr County offered no evidence to establish its lien on the subject property. This omission is particularly critical in the instant case where the subject property is 4800 acres. It is highly doubtful that the taxes are delinquent on each of the 4800 acres, yet the County asks that the entire 4800 acres be put into receivership until it decides who owns what. This we

cannot do under the first subdivision of Article 2293 absent proof of the County's lien.

Moreover, although the County also may be in the position of a mortgagee with the right of foreclosure under the terms of subdivision 2 of Article 2293, *Klugsberg v. State,* 89 S.W.2d 301, 303 (Tex.Civ.App.— Austin 1935, no writ), the County would again need to offer some proof of the attachment of its lien. In *Klugsberg* this was accomplished through a verified petition. That case sought the ex parte appointment of the receiver, and under such circumstances the allegations contained in the verified petition or affidavit are treated as true for purposes of determining whether the receiver should be appointed. *Batchelor v. Pacific Finance Corp.,* 202 S.W.2d 857, 859 (Tex.Civ.App.—Dallas 1947, no writ); *Friedman Oil Corp. v. Brown,* 50 S.W.2d 471, 472 (Tex.Civ.App.—Texarkana 1932, no writ). Receivership is a drastic remedy and will be reversed where no evidence supports it. *Greater Fort Worth & Tarrant County Community Action Agency v. Mims,* 574 S.W.2d 870, 872 (Tex.Civ.App.—Fort Worth 1978, writ dism'd).

Subdivision 4 of Article 2293 provides for the appointment of a receiver "in all other cases where receivers have heretofore been appointed by the usages of the court of equity." Similar language in another statute has been construed as invoking the trial court's equity powers and authorizing the appointment of receivers under circumstances where the appointment would be proper at common law. *Mims,* 574 S.W.2d at 872. Except where a receiver is authorized under statutory grounds, a receiver will not be appointed under equitable principles where a less onerous remedy would afford the needed protection. *Parness v. Parness,* 560 S.W.2d 181, 182 (Tex.Civ.App. —Dallas 1977, no writ); *Hunt v. Merchandise Mart, Inc.,* 391 S.W.2d 141, 145 (Tex. Civ.App.—Dallas 1965, writ ref'd n.r.e.); 6A A. SMITH, REMEDIES § 1481 (Texas Practice 1973). The County did not plead or offer proof that no other adequate remedy existed.

Starr County has offered no proof to support its right to the appointment of a receiver under any of the subdivisions of Article 2293. It was error for the trial court to appoint a receiver under these circumstances.

The motion for rehearing is granted. The order appointing the receiver is vacated.